JAMES E. BURTON *v.* TAXICAB COMPANY.
[No. 37, October Term, 1928.]

*Decided December 7th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS. OFFUTT, DIGGES, PARKE, and SLOAN, J.J.

*Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellant.

*Joseph C. France* and *J. A. Dushane Penniman,* with whom was *W. Howard Hamilton* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

Burton, the owner of a private taxicab in Baltimore City, appeals from an order in equity holding him in contempt, and fining him a nominal amount, for violation of an injunction against using and operating in the city a taxicab not so marked as to be easily distinguishable from the yellow taxicabs operated by the Taxicab Company. Burton's cab had been painted in the same shade of yellow, combined in the same design with masses and lines of black as the cabs long maintained by the Taxicab Company, except for a difference in the painting of the wheels; and the company applied for an injunction to restrain the unfair competition which it considered had resulted. The facts presented to the court were exactly similar to those presented in the case of *Mundon v. Taxicab Company,* 151 Md. 449, and the trial court held the appellant guilty of wrongful imitation and competition, and by its decree enjoined the use of any cab by him similarly painted "until the same has been so changed in appearance as to make it distinguishable by the ordinary and casual user from the yellow taxicabs of the plaintiff." This was substantially the requirement upheld to prevent unfair competition in the Mundon case, upon reasons and authorities which need not be repeated. Besides, there has been no appeal from the decree in this case and it is final and beyond objection. The question now is only one of compliance or failure to comply. *Howat v. Kansas,* 258 U. S. 181, 189.

After the passage of the decree, the appellant left the colors and their arrangement on the cab unchanged, but placed on the doors and in the rear, in black letters four and a half inches high, the words "City Cab Company." And this was the only step taken to comply with the decree. The plaintiff in the suit applied for an attachment of the defendant for contempt to try the sufficiency of this step, and,

after hearing, the trial court concluded that it was insufficient, and passed the order appealed from. The court was of opinion that the defendant had acted in accordance with advice he had received, and was not guilty of any wilful contempt, and therefore made the punishment nominal.

Whether the placing of the name on the same color combination and arrangement is sufficient to make it distinguishable from the plaintiff's cabs by the ordinary and casual user is a question of fact, purely; and decisions in cases involving other articles afford little aid in its determination. This court concurs in the conclusion of the trial court that the required distinction is not secured by merely putting a name on the one cab of exactly the same color arrangement. It is the color arrangement, not a name, which has been the distinguishing mark of the Taxicab Company's cabs, and in which it is secured the rights given it, and the addition of a name to one cab in that color arrangement would have no meaning to a casual user, at least would not bring to his notice that the cab is not one of the group of cabs regularly identified by that color arrangement. It would defeat the decree. "It need not be such an imitation that the two cannot be distinguished except by an expert or upon a critical examination by a person who knows the genuine article well. It is sometimes even sufficient that there are points of resemblance." *Nims, Unfair Competition,* 2nd ed., 584.

We have not been able to agree that the determination of the fact of likelihood of confusion should await demonstration by actual experience, to be brought before the court by evidence hereafter. Evidence of casual users would seem difficult to obtain, and not likely to be helpful. And on a question of compliance with a final decree, after the question of unfair competition has once been tried out, more prompt disposition is preferable if the fact is sufficiently clear to the court, as we think it is here.

*Order affirmed, with costs to the appellee.*

PARKE, J., dissents.