

Thomas Palmer, of Tampa, Fla., for petitioner.

Chester H. Ferguson (of McKay, Macfarlane, Jackson & Ramsey), of Tampa, Fla., for respondent.

AKERMAN, District Judge.

At first glance this case would appear to be of little importance, but when carefully studied it becomes of stupendous importance.

On the one hand the liberty of the individual is at stake, not only the liberty of his person, but his right to conduct his business in his own way, and thereby earn a modest support for himself and his family.

On the other hand I am asked to strike down an Act of the State Legislature and set aside the judgment of the highest trial Court of the State entered in accordance with a decision of the State Supreme Court.

I wish that I could avoid this task, but as long as I remain on the Bench I must decide each case presented to me as best I can, regardless of consequences.

Petitioner was made a party defendant along with others to a Bill in Equity brought by the Superintendent of the Florida Dry Cleaning and Laundry Board in the Circuit Court of Hillsborough County, seeking an injunction against the defendants preventing the defendants from engaging in their respective businesses of dry cleaning and laundering unless he complied with all of the requirements of Chapter 17894, Laws of Florida 1937. An injunction was issued without notice and petitioner has been adjudged guilty of contempt and sentenced to

*Judgment reversed 102 F.2d 128.

jail for violating this injunction, and he brings this Habeas Corpus proceeding seeking relief from such sentence, attacking the Act of the Legislature and the proceedings thereunder as violating his rights under the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.

■ The Respondent in his first return attacks the jurisdiction of this Court to issue the writ of Habeas Corpus, and to try the same, but the Act of Congress makes it the duty of the Court to issue and determine such writ, and I know of no decision holding that the District Court is without such jurisdiction.

What Counsel for Respondent has in mind is the long line of decisions holding that it is a jurisdiction that should be cautiously exercised, keeping in view the respect that is due the State Court and its judgments.

Here, however, the injunction was not granted by the State Court in exercise of its general jurisdiction, but only pursuant to the Act of the Legislature in question, and if the Act is void, the injunction is void and there is no contempt in disobeying a void injunction.

■ It is also urged that the petitioner should be left to his remedies in the State Courts, but the Supreme Court of the State, in the case of Miami Laundry Company v. Florida Dry Cleaning & Laundry Board, Fla., 183 So. 759, has closed this door by holding that the Act in question is valid against any conceivable attack as being contrary to any of the provisions of the State or National Constitutions.

I am not willing to send this humble petitioner on a journey where he can hope for no relief this side of the Supreme Court of the United States. As well tell him to bathe in the waters of Jordan. So I must decide whether the Act of the Legislature in question violates the Fourteenth Amendment to the Constitution of the United States.

■ I have read and re-read each of the opinions in the case of Miami Laundry Company v. Florida Dry Cleaning & Laundry Board and fully concur in the opinion of Mr. Justice Brown and adopt the same as the opinion of this Court. As Mr. Justice Brown has mainly confined himself to the price fixing features of the Act, I may add some of the other vices of the Act.

1. There is no reasonable basis for the classification of counties by population.

2. There is no reasonable basis for exempting washwomen from the Act.

3. There is an unconstitutional delegation of power to the Board.

4. The license features of the Act cannot be justified as a revenue measure.

5. Many of the Legislative findings are contrary to conditions so well known that the Courts will be justified in disregarding the same, especially the emergency which will exist until Gabriel blows his trumpet unless some future Legislature awakes to the realization that it has past.

The author of the Act under consideration evidently realized that it was an attempt to set up a little N. R. A. and thought that by window dressing and high sounding phrases he could hide its real purpose which was to unlawfully interfere with the rights of citizens engaged in a lawful business.

An order may be entered discharging the petitioner from further custody and permitting him to go hence without day.