## McLEOD, Sheriff, v. MAJORS.

### No. 9010.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1939.

Carl T. Hoffman and W. H. Beckham, both of Miami, Fla., Lawrence A. Truett, of Tallahassee, Fla., and Chester H. Ferguson, of Tampa, Fla., for appellant.

Thomas Palmer and R. M. Huntley, both of Tampa, Fla., and E. F. P. Brigham and Vincent Giblin, both of Miami, Fla., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

The legislature of Florida enacted a law to regulate the dry cleaning, dyeing and laundry industry of the state. Chapter 17894, Laws of 1937. The Act required payment of certain fees and created a Board to administer its provisions, with authority to regulate the industries and fix minimum and maximum prices for work done, in different trade areas, to be determined by the Board. The Supreme Court of Florida held the law to be valid in the case of Miami Laundry Co. et al. v. Florida Dry Cleaning & Laundry Board, Fla., 183 So. 759, 119 A.L.R. 956. The Board brought a suit in equity in the Circuit Court for Hillsborough County against ap-

pellee, Jack Majors, doing business as Tampa Overall Laundry, and a number of others, to enjoin them from doing business unless and until they paid the registration and license fees provided by the Act; and from charging less than the minimum prices fixed for the area in which they did business. A temporary restraining order was granted by the state court. Appellee refused to comply with the order and a rule nisi issued against him. After a hearing, he was held guilty of contempt in failing to comply with the order by refusing to pay the license fees required under the Act and was sentenced to serve three days in the county jail. Majors immediately filed a petition for habeas corpus in the United States District Court for the Southern District of Florida, alleging illegality of his conviction and sentence, on the grounds that the state court was without jurisdiction and the Florida Act of 1937 was void as violative of the Constitution of the United States.

After a hearing the Federal Court reached the conclusion that the Florida Act violated the Federal Constitution in various respects and deprived Majors of his rights guaranteed thereunder; and that, by reason of the decision of the Supreme Court of Florida, above referred to, he could not obtain any relief in the state court. 26 F.Supp. 206. From a judgment releasing Majors from the custody of the sheriff this appeal is prosecuted.

Both sides earnestly request that we decide whether the Florida Act violates the Federal Constitution. A decision on that point is not demanded on this appeal and we must refrain from doing so. Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550. There is no doubt the state court had jurisdiction over Majors by a proper proceeding and jurisdiction in the case under its general equity powers, which are not impaired by any provision of the Act. The rule is well settled that a restraining order or interlocutory injunction issued by a court of competent jurisdiction must be obeyed, even if erroneous and based upon an invalid statute, until it be set aside by orderly review. Howat v. Kansas, supra.

A Federal Court, in the exercise of comity, should not interfere with the orderly administration of justice in a state court except in a plain case showing exceptional circumstances warranting such interference. U. S. ex rel. Kennedy v. Tyler, 269

U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. It is not suggested that Majors did not have the right to appeal from the order granting the restraining order nor from the decree holding him in contempt for violating it. Instead it is contended that an appeal would be useless in view of the decision in the Miami Laundry Co. case, supra. We do not consider this constituted exceptional circumstances warranting the release of Majors on habeas corpus. Conceding that the Supreme Court of Florida would probably follow its previous decision the way was open to carry the case to the Supreme Court of the United States. Cunningham v. Skiriotes, 5 Cir., 101 F.2d 635, decided February 10, 1939.

The judgment appealed from is reversed and the case remanded with instructions to return Majors to the custody of the sheriff.