## Ex parte EDWARDS.
### No. 346–T. Civil.

District Court, S. D. Florida, Tampa Division.

March 18, 1941.

Zewadski & Pierce, of Tampa, Fla., for petitioner.

M. Henry Cohen, Asst. City Atty., of Tampa, Fla., for City of Tampa.

BARKER, District Judge.

The above cause comes on before the undersigned District Judge for hearing upon the writ of habeas corpus heretofore issued herein and the return of respondent thereto. The petition upon which the writ was issued alleged that petitioner had been convicted in the Municipal Court of the City of Tampa, Hillsborough County, Florida, of violating Ordinance No. 721-A of said City. Said Ordinance, in the respect whereof violation was charged, in substance requires peddlers, hawkers or hucksters doing business as such within said city to secure a permit therefor from the Chief of Police and to pay a license tax of $500 per year. Testimony was taken at the Municipal Court trial, at the conclusion of which petitioner was convicted and a co-defendant charged and tried jointly was acquitted. Petitioner was fined $100 with an alternative jail sentence, and, declining to pay the fine, surrendered himself to custody of respondent. He seeks by this proceeding to relieve himself from such custody.

Petitioner further contends that the business being done by him was in interstate commerce and that the asserted application of the local licensing ordinance to him and his manner of doing business constituted an unwarranted interference with interstate commerce in violation of Article 1, Section 8, of the Federal Constitution. Petitioner contends therefore that the Municipal Court was without jurisdiction of the subject matter when the facts as to his manner of doing business were developed at the trial and that his detention by virtue of the Municipal Court's judgment of conviction is in violation of the Constitution and laws of the United States. If this be true, and the Federal Court has jurisdiction otherwise, habeas corpus would here lie to relieve him from such custody. Revised Statutes, Sec. 753, 28 U.S.C.A. § 453.

A careful consideration of the facts in the case, see Revised Statutes, Sec. 761, 28 U.S.C.A. § 461, shows conclusively that petitioner was doing an interstate commerce business. His method of doing business was substantially the same as in Caldwell v. North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336, and in Brennan v. Titusville, 153 U.S. 289, 14 S.Ct. 829, 38 L.Ed. 719, both of which involved the taking of orders for out-of-state delivery of enlarged photographs and frames there-

for. In each of the cited cases there was an attempt made to subject such business to a local licensing ordinance, and in each case the United States Supreme Court denied such right as being an attempted invasion of the exclusive domain of the Federal Government in the field of interstate commerce. Many other cases by the same Court are in line with such holding. See Real Silk Hosiery Mills v. City of Portland, 268. U.S. 325, 45 S.Ct. 525, 69 L.Ed. 982; Robbins v. Taxing District of Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694.

But the Federal Courts can relieve against such unlawful custody only in a plain case showing exceptional circumstances warranting such interference with the local or State authorities. McLeod, Sheriff v. Majors, 5 Cir., 102 F.2d 128; Cunningham v. Skiriotes, 5 Cir., 101 F.2d 635; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. Petitioner frankly concedes this to be the rule, but insists that in this case such exceptional circumstances exist. These circumstances are that petitioner does the identical kind of interstate commerce business, and intends to in the future, from town to town and from county to county within the State of Florida, and that a discharge upon habeas corpus in the State Circuit Court would be operative only in Hillsborough County wherein the City of Tampa is located. He contends that even if discharged by the Hillsborough County Circuit Court he would be subject to arrest and prosecution for violation of similar ordinances in every town in Florida in which he transacted business other than Hillsborough County and that the Federal Constitution guarantees him against such interference with his interstate commerce business. He insists that his business is transitory in character and is therefore different from the localized businesses involved in the cases of McLeod v. Majors, Cunningham v. Skiriotes, and United States ex rel. Kennedy v. Tyler, supra, wherein a local State Court discharge would afford adequate relief.

Under the decisions, a case warranting habeas corpus in the Federal Court is extremely rare. The right of review in the State Court by habeas corpus or appeal is open. However, such right of review in the State Court of itself would not be an absolute bar to interference by the Federal Court because in all cases of conviction there is some manner of appeal or review provided and the decisions hereinbefore cited concede the right of the Federal Court to interfere in exceptional cases. After serious deliberation, I am constrained to the view that this case presents such exceptional circumstances. In so deciding it must not be understood that the general rule forbidding such interference is in any way relaxed or departed from. It is merely to say that this case shows those conceivable circumstances to exist wherein relief by the Federal Court may be warranted. In accordance with the foregoing, it is thereupon considered, ordered and adjudged that petitioner herein, W. S. Edwards, be, and he is hereby, discharged from custody.