**Paul ESTRADA**

v.

**Doyne BAILEY, Sheriff, Travis County, Texas.**

No. A–83–CA–211.

United States District Court,
W.D. Texas,
Austin Division.

May 6, 1983.

William W. Rittenhouse, Austin, Tex., for petitioner.

ORDER

NOWLIN, District Judge.

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This cause was referred to United States Magistrate Philip E. Sanders for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules 1(e) and 4(b) of the Order of the Judges of the Western District of Texas dated April 7, 1980 pertaining to the powers and duties of United States Magistrates. The Magistrate filed his Recommendation on May 5, 1983. Petitioner filed his objections to the Magistrate's Recommendation on May 6, 1983.

After a de novo review of the Magistrate's Recommendation in light of the entire record in this cause, including the transcript of the hearings before the state district judge supplied to the Court by Petitioner, the Court is of the view that the Recommendation of the Magistrate is correct and should in all things be approved and adopted by the Court. The Court notes that it has carefully reviewed Petitioner's objections and is convinced that they are without merit.

In this Court's view, the Magistrate's determination that *Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), controls the disposition of the instant case is entirely correct. For whatever reason, Petitioner chose not to seek orderly review of the state district judge's April 15, 1983 order. Rather, on April 25, 1983, a full ten days after the judge's order was entered, Petitioner deliberately violated the order. Under these circumstances, the Court simply cannot accept Petitioner's blanket assertion, unsupported by citation to statutory or case authority, that he had no effective means of challenging the validity of the district judge's order other than violating that order.

Having made no attempt to discover and utilize state procedural avenues for review of the district judge's April 15, 1983 order, and having made the decision deliberately and intentionally to violate the order, Petitioner cannot now claim that he is being held in state custody for contempt unlaw-

fully, in violation of his First Amendment rights, no matter how strong his constitutional claim might have been had he followed orderly processes for seeking review of the order. This is the teaching of *Walker*. The Court notes that in an abundance of caution, it has carefully considered Petitioner's various arguments in support of his contention that *Walker* does not apply to this fact situation, and is firmly convinced that any distinctions between this case and *Walker* are distinctions without a difference.

IT IS THEREFORE ORDERED that the Recommendation of the United States Magistrate filed in this cause is hereby approved and adopted by the Court, and that the instant petition for habeas corpus relief is hereby DENIED.

## RECOMMENDATION

PHILIP E. SANDERS, Magistrate.

Petitioner PAUL ESTRADA has filed a petition for writ of habeas corpus in the United States District Court for the Western District of Texas, Austin Division. This petition is brought pursuant to 28 U.S.C. § 2241, and is presently before the undersigned for recommendation pursuant to 28 U.S.C. § 636(b), Rule 1(f) of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective March 1, 1982.

Petitioner files this writ seeking to challenge the action of the District Judge of the 98th Judicial District of Travis County, Texas, who held Petitioner in contempt of court on April 28, 1983 for admittedly and deliberately violating an Order of that Court entered on April 15, 1983. That Order directed Petitioner not to deliver information packets he had compiled concerning the state parole laws to prospective jurors called for jury service in the district courts of Travis County, Texas.

Petitioner was present in court when the district judge announced his order from the bench, and Petitioner received a written copy of said order. He also had counsel. The district court, after a hearing, found Petitioner guilty of contempt and sentenced him to ten days in jail and a $250.00 fine.

Subsequently, on April 28, 1983, Petitioner filed a petition for writ of habeas corpus in the Texas Supreme Court; this was denied on May 2, 1983. Petitioner now presents his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a) and (c)(3) alleging that the order placing him in confinement is void as being contrary to the First Amendment to the United States Constitution. The apparent issues that initially might cause a court to become involved in this case are the right of free speech under the First Amendment and the countervailing constitutional right for all persons to receive a fair and impartial trial. Case law is instructive in requiring a substantial showing of a clear and present danger to the administration of justice before First Amendment rights can be curtailed.

However, a closer look at the constitutional framework of our court system and the manner in which issues are decided and relief from its decisions afforded illuminates a problem present in this case. That problem is that Petitioner chose to disregard the order of the court which had jurisdiction. The judge had given him notice of his order in writing, setting out clearly what actions were prohibited. Petitioner's error was in choosing the wrong procedure to test the constitutionality of the prohibition as applied to him and his desires.

Two cases illustrate the requirement that the procedures of the law are paramount in challenging what persons deem to be illegal and unlawful infringements on their rights. *Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967) involved a proceeding to review a criminal contempt conviction for violating a temporary injunction issued by the circuit court in Jefferson County, Alabama. In this case the petitioners planned a march in Birmingham, Alabama on Good Friday in 1963. Birmingham city officials filed an application to enjoin the march because of the threat of "imminent danger to the lives, safety, peace, tranquility and general welfare of the people of the City of Birmingham." *Id.,* 388 U.S. at 309, 87 S.Ct. at 1826,

18 L.Ed.2d at 1212. The circuit judge granted a temporary injunction as requested, enjoining the petitioners from marching. The petitioners participated in a march nonetheless, and were found guilty of contempt for violating the injunction.

The Supreme Court pointed out the different procedures available to challenge the injunction, none of which were followed. The Court noted that indeed the Alabama court had subsequently in another case struck down on direct review the conviction under the ordinance in question of one of the same petitioners. *Id.,* 388 U.S. at 319, 87 S.Ct. at 1831, 18 L.Ed.2d at 1217. The Court in *Walker* cited *Howat v. State of Kansas,* 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922), a case in which people had been punished by a Kansas trial court for violating an anti-strike injunction. They had claimed a right to disobey the court's order upon the ground that the State statute and the injunction were invalid under the United States Constitution. The Supreme Court there held that the Supreme Court of Kansas was correct in holding that the injunction could not be attacked collaterally and that the petitioners must resort to the ordinary process of appeal.

There are numerous ways to challenge an order prohibiting the actions of Petitioner, but attempting to collaterally attack the District Court's contempt order by disobeying it, rather than challenging it through other procedures, is not permissible. The Supreme Court stated it well in the *Walker* case:

> This Court cannot hold that the petitioners were constitutionally free to ignore all the procedures of the law and carry their battle to the streets. One may sympathize with the petitioners' impatient commitment to their cause. But respect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom.

*Id.,* 388 U.S. at 321, 87 S.Ct. at 1832, 18 L.Ed.2d at 1218.

It is therefore the Recommendation of this Court that Petitioner's application for writ of habeas corpus be DENIED.

Any party may file objections to this Recommendation. Failure to file written objections to the instant Recommendation within ten days from the date of its receipt shall bar an aggrieved party from receiving a de novo review by the district court of the findings and recommendations contained herein, *see* 28 U.S.C. § 636(b)(1)(C), and shall bar an aggrieved party from attacking the findings and recommendations contained in this report on appeal, *see Nettles v. Wainwright,* 677 F.2d 404, 408–410 (5th Cir.1982) (en banc).

The Clerk is directed to send a copy of the instant Recommendation to all parties return receipt requested.

Entered this 5th Day of May, 1983, at Austin, Texas.