James R. ALEXANDER, Petitioner,

v.

Charles MEGERMAN, Director and Attorney General of Missouri, Defendants.

No. 83–0242–CV–W–1–R.

United States District Court, W.D. Missouri, W.D.

May 13, 1983.

Les D. Wight, Independence, Mo., for petitioner.

John Ashcroft, Atty. Gen., State of Mo., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

### I.

Petitioner, represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking release from the Jackson County, Missouri Jail where he is being held under a judgment of conviction for criminal contempt rendered by the Circuit Court of Jackson County, Missouri. This is petitioner's third habeas corpus petition in this Court. The first petition, filed April 23, 1982, was dismissed on May 11, 1982 for lack of jurisdiction because petitioner was a fugitive and was therefore not "in custody" pursuant to 28 U.S.C. § 2254(a). The second petition, filed January 31, 1983, after petitioner was placed in custody, was dismissed on March 4, 1983 without prejudice under the dictates of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) because the petitioner raised both exhausted and unexhausted claims in his federal petition.

Rather than fully exhausting all claims in the Missouri courts and presenting a federal petition containing all of petitioner's claims, petitioner instead chose to delete all claims that had not yet been exhausted and filed a third petition containing only exhausted claims with this Court on March 4, 1983. On March 11, 1983, this Court ordered respondent to show cause why the writ should not issue.

The State's response, filed March 18, 1983, sets out the procedural and factual background of this case. In 1979, the Missouri Dental Board petitioned the Circuit Court of Jackson County, Missouri for an order finding petitioner to have been practicing dentistry without a license in violation of § 332.081, R.S.Mo. (1978) and enjoining petitioner from continuing such prac-

tice. On February 8, 1980 the Circuit Court found that petitioner was practicing dentistry without a license and an order was entered permanently enjoining petitioner from performing any act constituting the practice of dentistry under § 332.071, R.S.Mo. (1978). That order was ultimately affirmed by the Missouri Supreme Court, en banc, on March 9, 1982. *Missouri Dental Board v. Alexander,* 628 S.W.2d 646 (Mo. banc 1982).

During the pendency of that appeal, however, petitioner was charged with criminal contempt for violating the order. At the contempt hearing before a different division of the Circuit Court, petitioner, as part of a plea arrangement, admitted to violating the injunction. On March 26, 1981, the Circuit Court accepted petitioner's admissions, found petitioner in criminal contempt, and sentenced petitioner to a six month sentence (Res.Exh.C). That sentence was suspended and petitioner was placed on probation under the supervision of the Missouri Division of Probation and Parole for a term of two years.

On March 4, 1982, a hearing was held concerning the possible revocation of petitioner's probation on the ground that he had violated certain conditions of probation. As a result of that hearing, and after hearing evidence in connection with petitioner's alleged violation of his probation, the Circuit Court revoked petitioner's probation and ordered the execution of petitioner's six month sentence for criminal contempt. The warrant for petitioner's arrest was served on January 5, 1983 and petitioner was placed in the custody of the Jackson County Department of Corrections.

## II.

In his petition, petitioner asks for relief based on the following grounds: (1) that §§ 332.071 and 332.081, R.S.Mo., as applied to petitioner, are unconstitutional in that they deny petitioner equal protection of the laws and due process in violation of the Fourteenth Amendment to the United States Constitution; (2) that §§ 332.071 and 332.081, R.S.Mo., as applied to petition-

er are unconstitutional in that they constitute a local or special law in violation of Article III, sections 40, 41 and 42, Constitution of 1945 of the State of Missouri, and impair the obligation of contracts and constitute an irrevocable grant of special privileges and immunities in violation of Article I, Section 13, Constitution of 1945 of the State of Missouri, and deny petitioner equal protection of the laws under the United States Constitution; and (3) that § 332.-071(14) R.S.Mo., upon which the trial court in part based its judgment and injunction, is unconstitutional in that it violates petitioner's right to free speech as guaranteed by the First Amendment to the United States Constitution.

Petitioner raised claims under both the United States Constitution and the Missouri Constitution. A person in custody pursuant to a judgment of a State court is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States," *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and, therefore, as a preliminary matter, it may be noted that none of petitioner's claims concerning violations of Missouri constitutional provisions is cognizable in these proceedings. We are thus left to examine petitioner's claims under the Constitution of the United States: (1) that §§ 332.071 and 332.-081 deny petitioner equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution; (2) that §§ 332.071 and 332.081 deny petitioner due process of the laws in violation of the Fourteenth Amendment to the United States Constitution; and (3) that § 332.-071(14) violates petitioner's First Amendment right to commercial free speech. For reasons discussed in detail below, we conclude that the allegations of the petition, even if they were decided in favor of petitioner, would not entitle petitioner to habeas relief and that, therefore, the petition must be dismissed.

## III.

Before we discuss the reasons for dismissal of the petition, it is first appropriate to

clarify some questions raised by the parties in their filings in this case.

After respondents filed an answer on March 18, 1983 to our order to show cause why writ of habeas corpus should not be granted, petitioner filed a reply on March 22, 1983. In this reply, it appeared that petitioner was attempting to interject some issues that had not been raised in his federal petition. These issues basically concerned certain alleged deficiencies in the probation revocation hearing itself. Attached to this reply was a copy of petitioner's State petition for writ of habeas corpus which had been denied by the Supreme Court of Missouri. That State petition raised the same allegations presented in petitioner's most recent federal petition concerning the constitutionality of §§ 332.-071 and 332.081, and thus, on its face, indicated that petitioner had properly exhausted' those claims in the State court. But this State petition did not raise any allegations concerning deficiencies in the probation revocation hearing itself.

This prompted the State, in response to an Order from this Court, to file a further answer on April 5, 1983 questioning exactly what petitioner was attempting to litigate. The State properly pointed out that the petitioner had not exhausted any issues concerning the validity or constitutionality of the probation revocation hearing. Petitioner had only thus far exhausted the issues raised in the federal petition, namely, the constitutionality of §§ 332.071 and 332.081. The respondent stated that if petitioner was attacking the additional legal issue of the validity of petitioner's probation revocation hearing, then the petitioner failed to exhaust available State remedies by failing to appropriately litigate the constitutionality of the probation revocation proceedings in a State habeas corpus proceeding. If this was so, it would be necessary to dismiss the petition under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In an attempt to clear up this matter, we ordered the petitioner to reply to the exhaustion questions raised by respondent. Thereafter, on April 20, 1983, petitioner filed a reply which merely stated that petitioner had filed a second State petition for writ of habeas corpus which had been denied by both the Court of Appeals and the Supreme Court of Missouri after petitioner filed this most recent federal petition. This second petition alleged that the probation revocation itself was constitutionally defective, basically tracking certain of the issues raised in petitioner's March 22, 1983 reply. Thus, it was unclear whether petitioner was attempting to amend his federal petition to include those claims. If that was the case, we would, of course, be required to allow the State an opportunity to respond to the newly raised allegations.

On April 29, 1983 we ordered petitioner to show cause why this Court should not decide the merits of only those allegations raised in the present petition before this Court. On May 3, 1983 we received a letter from petitioner's counsel which informed the Court that the second State habeas petition was furnished only for our information and that counsel did not intend for the issues raised in that petition to be considered by this Court. This being the case, we may proceed to an examination of those allegations dealing with the constitutionality of §§ 332.071 and 332.081 as applied to petitioner.

IV.

The power of a federal district court to grant a writ of habeas corpus is conferred by 28 U.S.C. § 2241. Jurisdiction is confined, so far as persons in custody pursuant to a State court judgment are concerned, to those persons "in custody in violation of the Constitution or laws or treaties of the United States" § 2241(c)(3). Petitioner in this case, in view of the fact that counsel for petitioner did not amend the petition and has asked us to consider only those issues in the petition as currently pending, is attacking the judgment of commitment and judgment of conviction for criminal contempt on the ground that it is based on violations of Missouri State laws which are unconstitutional. But petitioner is not confined in Jackson County Jail for

violating the Missouri dental statutes; he is in jail for violating an order of court for which violation he was found in criminal contempt, given a suspended sentence, and placed on probation. Subsequently, upon being found in violation of the terms of that probation, his probation was revoked and he was placed in jail. In short, even if this Court were to find that §§ 332.071 and 332.081 were unconstitutional, this would not entitle petitioner to any habeas relief. This being so, petitioner has not properly alleged, under even a very broad interpretation of his petition, that he is in custody in violation of the Constitution of the United States and this Court therefore has no power to entertain petitioner's application. 28 U.S.C. §§ 2241(c)(3) and 2254(a).

When a State court has jurisdiction over the parties and the subject matter, as is undoubtedly the case here, and enters an injunctive order, no person charged with observance of the injunction may disregard or violate the order with immunity from a charge of contempt of court; this is true even where the constitutionality of the underlying statute is called into question. *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). Persons simply cannot bypass orderly judicial review of the injunction before disobeying it.

*Howat v. Kansas*, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922), is an early case dealing with this question. The parties in that case claimed a right to disobey an injunction on the ground that the State statute and the injunction based upon it were invalid under the United States Constitution. The Court stated:

> An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. 258 U.S. at 189–90, 42 S.Ct. at 280–81.

In *Walker v. City of Birmingham, supra,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210, a State circuit court in Birmingham, Alabama issued an *ex parte* temporary injunction enjoining the petitioners from participating in or encouraging mass street parades or mass processions without a permit as required by a Birmingham ordinance. The petitioners had planned sit-ins, kneel-ins and marches to protest the existing system of racial separation and, in fact, they decided to ignore the injunction and proceed with the planned demonstration. The next day the city officials who had requested the injunction applied to the State circuit court for an order to show cause why petitioners should not be held in contempt for violating it. At the contempt hearing, petitioners sought to attack the injunction on the ground that it was vague and overbroad, and restrained free speech and they also sought to attack the parade ordinance on similar grounds, and, additionally, that it was administered in an arbitrary and discriminatory manner.

The Supreme Court upheld the contempt convictions noting that, rather than violating the injunction, the proper procedure for attacking the injunction and underlying ordinance would have been to apply to the State circuit court to have the injunction dissolved, and, if this failed, to follow the Alabama procedure for an expedited appellate review. The Court examined Alabama practice and found that the procedure relied upon by the Alabama courts was firmly established by precedent; this was not a case where the State normally allowed collateral attack of a court order. Alabama followed a rule of law requiring orderly judicial review of injunctions.

There is no question that the Court in *Walker* had doubts about the constitutional-

ity of the ordinance and the injunction. In fact, in *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969), a case arising out of the same civil rights march, the petitioner had been convicted of violating the parade ordinance and the Court held that the ordinance was unconstitutional. Petitioner in *Shuttlesworth*, however, had followed the direct appeal route rather than the unsuccessful collateral attack route attempted in *Walker*.

The courts of Missouri follow the rule of law enunciated in *Walker* and it is therefore well established in Missouri that the proper way to attack injunctions and their underlying statutory base is through the judicial process, not through willful disobedience of the injunction. *State ex rel Girard v. Percich*, 557 S.W.2d 25 (Mo.App. 1977); *Houston v. Hennessey*, 534 S.W.2d 52 (Mo.App.1975); *Mechanic v. Gruensfelder*, 461 S.W.2d 298 (Mo.App.1970). Persons are not allowed to violate a Court order, and then later attack a criminal contempt conviction on the ground that the injunction is unconstitutional or that the injunction is based on a statute which is unconstitutional. "The principal purpose of criminal contempt is to protect the authority of the court's decrees; it is aimed at the intentional defiance of its orders. It is intended to protect the judicial system and not to aid litigants." *Houston v. Hennessey, supra*, at 57.

In the present case, petitioner was found to have been practicing dentistry without a license in violation of § 332.081 and was enjoined from continuing this practice. The Circuit Court of Jackson County, a court of general jurisdiction, had jurisdiction over the person of petitioner and subject matter jurisdiction pursuant to § 332.-121 R.S.Mo. sufficient to enable the court to issue the injunction. The trial court considered the question of the constitutionality of §§ 332.071 and 332.081 and found them to be a valid exercise of the State's police power. Petitioner participated in the proceedings and had knowledge of the injunction.

At first, petitioner followed the appropriate process to receive review of the injunction. Petitioner appealed to the Missouri Court of Appeals, Western District, which transferred the cause to the Supreme Court of Missouri because the case involved the validity of Missouri statutes. But, during the pendency of this appeal, petitioner willfully disobeyed the injunction and was convicted of criminal contempt for doing so.

Petitioner would not now be entitled to any habeas relief on the grounds that §§ 332.071 and 332.081 are unconstitutional because petitioner is not in custody for violating these statutes. Petitioner is in custody for violating an order of a court of competent jurisdiction. Even if the statutes underlying the injunction would fall on federal constitutional grounds, a question on which we intimate no view, this would not qualify petitioner for any relief under the applicable federal habeas statutes. We must therefore decline to entertain petitioner's § 2254 habeas petition.

Accordingly, for the reasons stated, it is

ORDERED that James R. Alexander's petition for a writ of habeas corpus should be and is hereby dismissed for the reason that it raises no issue cognizable under this Court's federal habeas jurisdiction.