In the Matter of an Application to Enforce an Administrative Subpoena of the COMMODITY FUTURES TRADING COMMISSION, Applicant,

v.

Naji Robert NAHAS, Respondent.

Misc. No. 83–0256.

United States District Court,
District of Columbia.

Dec. 16, 1983.

246

Phyllis J. Cela, Paul J. Pantano, Jr., Daniel Waters, CFTC, Washington, D.C., for applicant.

Noah Nunberg, Washington, D.C., for respondent.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This matter comes before the Court[1] on a motion by the Commodity Futures Trading Commission ("CFTC" or "Commission") to hold respondent Naji Robert Nahas ("Nahas") in civil contempt and to impose

sanctions[2] for failure to comply with a September 14, 1983 Order of this court (Oberdorfer, J.) ("September 14 Order") which required Nahas to obey an administrative subpoena. Respondent Nahas has cross-moved the Court to: (1) quash the subpoena, (2) deny the motion to hold respondent in contempt, (3) vacate an Order (Greene, H., J.) which froze respondent's assets located in the United States[3] and, (4) dismiss these proceedings in their entirety.

For the reasons set forth herein, the Court finds Mr. Nahas to be in contempt of Judge Oberdorfer's September 14 Order. Respondent's cross-motion is denied in its entirety.

### I

The facts relevant to the disposition of this matter are as follows[4]. In May, 1983, in the course of an authorized investigation of possible manipulation of the silver futures market by Nahas and others during 1979–1980, the CFTC issued an administrative subpoena *duces tecum* to Nahas. The subpoena was issued pursuant to Section 6(b) of the Commodity Exchange Act ("the Act"), 7 U.S.C. § 15. The subpoena required Nahas to appear, testify, and produce documents at the Commission's offices in Washington, D.C., on July 12, 1983. Nahas is a citizen and resident of Brazil. Service of the subpoena was made on Nahas in Brazil only, and was accomplished by leaving copies first with a receptionist at Nahas' office and later with a doorman at Nahas' residence.[5]

1. This matter has come before the Court sitting as Motions Court. Accordingly, prior orders have been entered by other district court judges for the District of Columbia.

2. The CFTC has urged the Court to fine Nahas $5,000 per day until he complies with the September 14 Order, with the amount of the fine to escalate to $10,000 per day if Nahas still has not complied after a specified date. In addition, CFTC has requested arrest and imprisonment, and costs and attorney's fees. *See* Applicant's Memorandum in Support of Application for Order to Show Cause, Order Freezing Assets and Order Adjudging Respondent in Civil Contempt at 8–11. The CFTC properly characterizes the fines and imprisonment as coercive.

3. *See* Order Freezing Assets (Greene, H., J.) dated October 11, 1983. The Order was continued by Order of this Court (Penn, J.) on November 21, 1983.

4. *See* Declaration Under Penalty of Perjury of Phyllis J. Cela, and this Memorandum Order, *infra* at n. 12.

5. *See* June 23, 1983 Declaration of Paolo F. Bekin (sworn and notarized) and accompanying documents. Mr. Bekin, a Brazilian attorney, was employed by the CFTC to serve Nahas. Mr. Bekin's declaration states that service of the subpoena was made as follows. Mr. Bekin initially went to Nahas' residence where he was

Nahas failed to appear in July in response to the subpoena. On August 23, 1983, this court (Flannery, J.) issued an Order requiring Nahas to show cause why he should not be ordered to comply with the Commission's subpoena ("Show Cause Order"). The Order was served on Nahas by delivering a copy to Nahas' secretary at work [6]. *See* Declaration Pursuant to 28 U.S.Code Section 1746 of Paolo F. Bekin [7]. On September 14, 1983, a hearing on the Show Cause Order was held before Judge Oberdorfer. Nahas once more failed to appear in person or through counsel. After an *ex parte* hearing, Judge Oberdorfer issued an Order requiring Nahas to comply with the subpoena by October 6, 1983 [8]. Nahas ignored Judge Oberdorfer's Order to comply. On October 11, 1983, Judge Harold L. Greene issued an Order requiring Nahas to show cause why he should not be held in contempt for failure to obey Judge Oberdorfer's September 14 Order. In addition, Judge Greene froze Nahas' assets located in the United States pending a hearing on the Commission's contempt motion. On November 15, 1983, Nahas, through counsel, submitted for the first time a cross-motion in opposition to the CFTC's contempt motion [9]. On November 21, 1983, this Court heard argument on the Commission's contempt motion and the respondent's cross-motion. The Court extended the freeze order until further order of this Court, and took the motions under advisement.

## II

Section 6(b) of the Act, 7 U.S.C. § 15, authorizes this Court to punish as contempt "any failure" to obey a court order requiring compliance with an administrative subpoena [10]. In this case, respondent Nahas has failed to obey such an order (Judge Oberdorfer's September 14 Order). Respondent did not appeal the Order, and has not pleaded inability to comply. Rather, Nahas attempts for the first time in these contempt proceedings to challenge the validity of the underlying subpoena. Nahas' principal arguments are: (1) the CFTC was without the power under Section 6(b) of the Act to issue a subpoena outside the United States, and (2) the method of service was improper.

■ It is well established that a civil contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed. *U.S. v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983); *Maggio v. Zeitz,* 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948); *Morgan v. Kerrigan,* 509 F.2d 618, 620 (1st Cir.1975). An order

---

informed by Nahas' wife that Nahas was in Paris. Mr. Bekin states that he informed Mrs. Nahas "in detail" about the subpoena. The following day Mr. Bekin received a telephone call from a Mr. Robinson, a lawyer with the New York law firm of Rosenman, Colin & Freund. Mr. Robinson informed Mr. Bekin that he represented Mr. Nahas and inquired about the subpoena. Mr. Bekin described the subpoena to Mr. Robinson "in detail". Approximately one week later Mr. Bekin attempted to serve Nahas at work. Mr. Nahas' secretary at first received the subpoena and examined it in her office. Later, however, she rejected and returned the subpoena at which point Mr. Bekin left it with the receptionist. On the same day Mr. Bekin delivered a copy of the subpoena to the doorman of Nahas' residence, having been informed by the doorman that Nahas had not returned from a trip and that Mrs. Nahas was also not at home.

6. The Order specified that service was to be made, pursuant to Rule 4(i)(1)(E), by one or more methods which included "(3) leaving them [the papers] at his place of business with the person in charge thereof or, if there is no person in charge, by leaving copies of said papers in a conspicuous place".

7. Mr. Bekin states that he also attempted to leave copies at Mr. Nahas' residence but was not permitted to do so by the doorman.

8. Although the hearing was *ex parte* (due to Nahas' failure to appear), Judge Oberdorfer questioned counsel for the CFTC fairly extensively on the propriety of issuing a subpoena to Nahas in Brazil. *See* Transcript of September 14 Hearing, Memorandum of the CFTC in Opposition to Nahas' Motion, Exhibit E.

9. The cross-motion is summarized *supra* at 1, and *infra* at 5.

10. The pertinent part of 7 U.S.C. § 15 is set forth at p. 248 *infra*.

issued by a court with jurisdiction over the subject matter and the parties must be obeyed until reversed by orderly and proper proceedings. *U.S. v. United Mine Workers,* 330 U.S. 258, 293, 67 S.Ct. 677, 695, 91 L.Ed. 884 (1947); *Howat v. Kansas,* 258 U.S. 181, 189–90, 42 S.Ct. 277, 280–81, 66 L.Ed. 550 (1922); *U.S. v. Thompson,* 319 F.2d 665, 667 (2d Cir.1963). Further, as a general proposition the United States Supreme Court has stated that if a person to whom the court directs an order believes that the order is incorrect, the remedy is to appeal. *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975). It is clear, therefore, that if the September 14 Order of Judge Oberdorfer may be challenged at all in this contempt action, it may be challenged only on the grounds that the court lacked the power or jurisdiction to issue the order. *U.S. v. Thompson, supra* [11]. If the court had subject matter and personal jurisdiction, respondent was under an obligation to obey the Order, and failure to do so is contempt.

### III

■ The Court finds that the district court (Oberdorfer, J.) which issued the September 14 Order requiring Nahas to comply with the subpoena did have subject matter and personal jurisdiction. Section 6(b) of the Act, 7 U.S.C. § 15, provides in pertinent part:

[i]n case of contumacy by, or refusal to obey a subpoena issued to, any person, *the Commission may invoke the aid of any court of the United States* within the jurisdiction in which the investigation or proceeding is conducted ... *in requiring the attendance and testimony* of witnesses and the production of books, papers, correspondence, memoranda, and other records. *Such court may issue an order requiring such person to appear before the Commission ..., there to produce records, if so ordered, or to give testimony touching the matter under investigation or in question.* Any failure to obey such order of the court may be punished by the court as a contempt thereof. (emphasis added).

Section 6(b) conferred subject matter jurisdiction on the court.

■ The Court possessed personal jurisdiction as well. Nahas' substantial participation in the regulated futures markets of this country, *see* Declaration Under Penalty of Perjury of Phyllis J. Cela, CFTC Application For Show Cause Order, Exhibit A, constituted sufficient contacts with the United States so as to comport with "traditional notions of fair play and substantial justice [12]". *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In addition, the service of the Show Cause Order pursuant to Fed.R. Civ.P. 4(i)(1)(E) as directed by Judge Flannery [13], was proper and sufficient to confer personal jurisdiction on the court [14]. Thus,

**11.** It should be emphasized that the order, the violation for which Nahas is being held in contempt, is not the CFTC subpoena. Even under *Thompson* the jurisdiction of the CFTC to issue the subpoena may not be questioned directly at the contempt stage. In these proceedings Nahas may only challenge the jurisdiction of the court which issued the September 14 Order.

**12.** The Declaration Under Penalty of Perjury of Phillis J. Cela states the following. During the first half of 1979 Nahas opened futures trading accounts in his own name at ContiCommodity Services, Inc., and E.F. Hutton & Co., Inc., both of which are U.S. futures commission merchants registered with the CFTC. Through these accounts Nahas purchased millions of ounces of silver bullion and silver futures contracts on the Commodity Exchange, Inc. ("Comex") which is located in New York. In addi-

tion, in March, 1980, Nahas guaranteed substantial losses related to silver futures trading in several accounts. These assertions are reiterated in the CFTC's various motions and supporting memoranda. Respondent has nowhere made any serious denial of these factual allegations.

**13.** *See supra* at n. 6.

**14.** The Court notes that in the September 14 hearing on the Order to Show Cause and on the CFTC Application to Enforce its Subpoena, Judge Oberdorfer made a specific finding that Nahas had personal knowledge of the Show Cause Order. *See* Transcript of September 14 Hearing, Memorandum of CFTC in Opposition to Nahas' Cross-Motion, Exhibit E, at 16. Under the doctrine of law of the case, this finding is binding on the Court.

this Court had jurisdiction to issue a binding order to Mr. Nahas.

## IV

 Having concluded that the September 14 Order was issued by a court with competent jurisdiction, and that respondent disobeyed the Order without good cause, the Court finds the respondent to be in contempt. To compel respondent to comply with the September 14 Order, and to compensate the Commission for its expenses incurred in prosecuting this contempt action, *CFTC v. Premex, Inc.*, 655 F.2d 779, 785-86 (7th Cir.1981), the Court finds it necessary to exercise its full civil contempt power and to impose appropriate sanctions. Accordingly, it is hereby

ORDERED that respondent Nahas purge himself of contempt by obeying the September 14, 1983 Order by complying on or before December 28, 1983, with the May 6, 1983 subpoena issued to him by the Commission; and it is further

ORDERED that, to compel compliance by respondent with the September 14, 1983 Order, the following fines are imposed upon respondent:

(a) in the event that respondent has not complied with the September 14, 1983 Order by 5:00 p.m. on December 28, 1983, a fine of $5,000 per day for each day thereafter that respondent is not in compliance; and

(b) in the event that respondent has not complied with the September 14 Order by 5:00 p.m. on January 6, 1984, a fine of $10,000 per day for each day thereafter until respondent is in compliance; and it is further

ORDERED that to compel compliance by respondent with the September 14, 1983 Order, in the event that respondent has not complied with the September 14 Order by 5:00 p.m. on January 6, 1984, a bench warrant shall issue, at that time, for respondent's arrest and imprisonment until he obeys the September 14 Order; and it is further

ORDERED that, to preserve a fund out of which any fines assessed may be satisfied, the Order freezing respondent's assets, issued October 11, 1983, and extended November 21, 1983, shall remain in effect until respondent purges himself of contempt and until further order of this Court; and it is further

ORDERED that respondent shall reimburse the Commission for all attorneys fees and costs incurred by the Commission in the preparation, presentation, and final disposition of this contempt proceeding; and it is further

ORDERED that the sanctions ordered by the Court are without prejudice to any application by the Commission for such further relief as may be appropriate.