UNITED STATES of America, Plaintiff,

v.

Michael G. VISNICH, Defendant.

No. 4:99CR156.

United States District Court, N.D. Ohio.

Aug. 19, 1999.

Edward G. Bryan, Office of the Federal Public Defender, Cleveland, OH, for Michael G. Visnich.

Michael G. Visnich, Warrren, OH, pro se.

Albert A. Palombaro, Boardman, OH, for James A. Kerchum.

James A. Kerchum, Girard, OH, pro se.

Nancy Lee Kelley, Office of the U.S. Attorney, Cleveland, OH, for the United States.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion of the Defendant, Michael G. Visnich ("Visnich"), to dismiss Count One of the Superseding Indictment (Dkt.# 20).

Defendant was charged in Count One of the Superseding Indictment with knowingly possessing firearms and ammunition in and affecting interstate commerce while subject to a domestic relations restraining order in violation of 18 U.S.C. § 922(g)(8) (Dkt.# 15). Defendant asserts that § 922(g)(8) is an unconstitutional exercise of Congress' power under the Commerce Clause, Art. I, § 8, cl. 3, and additionally violates his Second, Fifth, and Tenth Amendment rights.

### FACTS

On July 22, 1998, Judge Pamela Rintala of the Trumbull County Court of Common Pleas, Domestic Relations Division, entered a restraining order against Defendant. The order prohibits Defendant from abusing his wife and daughters, being within 200 yards of them, and initiating any contact with them. Defendant was also prohibited from possessing, using, carrying or obtaining any deadly weapons. Defendant has appealed the restraining order issued by Judge Rintala in the Ohio Court of Appeals for the Eleventh District.

On April 23, 1999, Defendant was arrested for allegedly breaking into the home of a friend's ex-wife to retrieve some of the friend's personal items. Subsequent to his arrest, the bags Defendant was carrying

and his vehicle were searched by the police.

The police search of Defendant's vehicle produced the following weapons: a Colt, .32 caliber revolver; two Colt, .38 caliber revolvers; three Star Inter Arms, .40 caliber pistols; a Ruger, .22 caliber rifle; a Chester Arms, .44 caliber revolver; a Davis Industries, .32 caliber derringer; a North American Arms, .22 caliber derringer; a Bauer, .25 caliber pistol; a Colt, .22 caliber pistol; an Enfield, .223 caliber rifle; a Thompson Center Arms, .223 caliber rifle; a Ruger, 762 X 39 caliber rifle; a Hi–Standard, .12 gauge shotgun and ammunition. Defendant was apprehended with a total of sixteen firearms and other ammunition.

## LAW

### Second Amendment

■ Section 922(g) does not violate Defendant's Second Amendment right to keep and bear arms. The Second Amendment states,

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

The Second Amendment, however, does not confer on Defendant, as an individual citizen, a right to bear arms in violation of a validly enacted federal law.

The Sixth Circuit in *United States v. Warin*, 530 F.2d 103, 106 (6th Cir.1976), stated, "It is clear that the Second Amendment guarantees a collective rather than an individual right." *Id.* at 106. The Sixth Circuit in *Warin* concluded that the defendant had "no private right to keep and bear arms under the Second Amendment which would bar his prosecution and conviction for [possessing an unregistered machine gun]." The *Warin* court applied the reasoning of *Stevens v. United States*, 440 F.2d 144 (6th Cir.1971) in reaching this conclusion. The Sixth Circuit in *Stevens* held, "Since the Second Amendment right 'to keep and bear Arms' applies only to the right of the State to maintain a militia and not to the individual's right to bear arms,

there can be no serious claim to any express constitutional right of an individual to possess a firearm." *Stevens,* 440 F.2d at 146. Defendant, therefore, does not have an individual Second Amendment right to possess firearms contrary to federal criminal law. Accordingly, Defendant cannot successfully invoke the Second Amendment as a shield against federal criminal liability by claiming that § 922(g)(8) violates his individual right to possess a firearm.

### Commerce Clause

Defendant's assertion that 18 U.S.C. § 922(g)(8) represents an unconstitutional exercise of Congress' power under the Commerce Clause, Art. I, § 8, cl. 3, is without merit. The Constitution grants Congress the power "to regulate Commerce with foreign Nations, and among the several states, and with the Indian Tribes." U.S. Const.Art. I, § 8, clause 3. The extent of this power with respect to the regulation of firearms in interstate commerce was tested in *U.S. v. Lopez.* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

■ In striking down 18 U.S.C. § 922(q), the Gun Free School Zones Act, the Court in *Lopez* defined three areas in which Congress could constitutionally exercise its Commerce Clause power. The Court stated that first, "Congress may regulate the use of the channels of interstate commerce;" second, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, even though the threat may come only from intrastate activities;" and third, "Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *Id.* at 558–59, 115 S.Ct. 1624. The Court held § 922(q) unconstitutional because it contained "no jurisdictional element which would ensure, through case by case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at 561, 115 S.Ct. 1624. Section 922(g),

unlike § 922(q), contains the requisite jurisdictional element and establishes the necessary connection between possessing firearms and ammunition in violation of a domestic relations restraining order and interstate commerce.

The Fifth Circuit in *U.S. v. Pierson,* 139 F.3d 501 (5th Cir.1998), persuasively explained the connection between possession of a firearm while under a domestic violence restraining order and interstate commerce. Section 922(g)(8) clearly proscribes individuals under a domestic relations restraining order from "ship[ping] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition" or "receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(8). The Fifth Circuit reasoned that, "by expressly requiring a nexus between the illegal firearm and interstate commerce, Congress has exercised its delegated power under the Commerce Clause to reach 'a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.'" *Pierson,* 139 F.3d at 503 (*citing Lopez,* 514 U.S. at 561–63, 115 S.Ct. 1624.) *See also U.S. v. Wilson,* 159 F.3d 280, 286 (7th Cir.1998) ("We agree with [the reasoning in *Pierson* ], and we similarly find that the jurisdictional element contained in § 922(g) establishes the requisite nexus with interstate commerce.") Thus, the presence of the jurisdictional element in § 922(g) satisfies the requirement that a connection must exist between the conduct regulated and interstate commerce.

Additionally, the nexus between the regulated conduct and interstate commerce must only be minimal to satisfy the jurisdictional requirement of *Lopez.* The Sixth Circuit in *United States v. Chesney,* 86 F.3d 564 (1996), held that *Lopez* "did not disturb the Supreme Court's precedents which indicate that a firearm that has been transported at any time in interstate commerce has a sufficient effect on commerce to allow Congress to regulate the posses-

sion of that firearm pursuant to its Commerce Clause powers." *Id.* at 570–71, 115 S.Ct. 1624. The Sixth Circuit further stated that "a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element of ... § 922(g)." *Id.* at 571, 115 S.Ct. 1624 (*citing Scarborough v. United States,* 431 U.S. 563, 566–67, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).) *See also Wilson,* 159 F.3d at 286–87; *Pierson,* 139 F.3d at 503–504. So long as the weapons in Defendant's possession were moved in interstate commerce at some time, the minimal nexus between his possession and interstate commerce can be established. The government does not need to prove anything more than mere movement of the firearms and ammunition in interstate commerce to meet its burden of proof on the jurisdictional element of § 922(g).

### Tenth Amendment

■ Section 922(g) does not violate the Tenth Amendment to the Constitution. The Tenth Amendment reserves to the states that power which the Constitution does not vest in the federal government. *Meade,* 175 F.3d 215, 224 (1st Cir.1999). *See Printz v. U.S.,* 521 U.S. 898, 117 S.Ct. 2365, 2376–77, 138 L.Ed.2d 914 (1997). Therefore, so long as Congress enacts legislation pursuant to one of its enumerated powers, such legislation does not offend the Tenth Amendment. *Meade,* 175 F.3d at 224. *See Gregory v. Ashcroft,* 501 U.S. 452, 460, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991). The issue, therefore, is whether Congress' enactment of § 922(g)(8) was a valid exercise of Congress' Commerce Clause power. The validity of § 922(g)(8) under the Commerce Clause has been discussed *supra.* The focus of Defendant's Tenth Amendment challenge to § 922(g)(8), however, is not on Congress' power to enact the statute, but on the statute's intrusion into the state's power to enforce its domestic relations laws.

Defendant casts § 922(g)(8) as an impermissible infringement upon the State's control over domestic relations matters. An identical argument was advanced by the defendant in *Meade* and was rejected by the First Circuit in a persuasive holding. The First Circuit reasoned that "stripped to bare essence, section 922(g)(8) makes the existence of a state court order an element of a federal misdemeanant-in-possession offense—no more and no less. Nothing in the state court proceeding changes on account of, or is in any way affected by, the operation of federal law." *Meade*, 175 F.3d at 225. The court consequently held, "section 922(g)(8) is totally devoid of Tenth Amendment implications." *Id.* at 225.

Section 922(g) does nothing more than subject a specified class of persons to potential federal criminal liability. As the First Circuit in *Meade* noted, § 922(g)(8) does not interfere or infringe upon any state interest in enforcing state laws or court orders issued by state courts. The imposition of a domestic violence restraining order on Defendant merely placed him in that class of persons covered by § 922(g)(8). Without more, the federal government has not infringed upon an area reserved to the states by the Tenth Amendment. Absent such infringement, § 922(g)(8) does not violate the Tenth Amendment.

### Fifth Amendment

Defendant's Due Process rights were not violated when he was subjected to criminal liability under § 922(g)(8). It is axiomatic that ignorance of the law is no defense to a criminal prosecution. As Defendant correctly argues, there is an exception, albeit a limited one, to this general rule. In *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), the Court held that "where a person did not know of the duty [imposed upon him by a criminal law] and there was no proof of the probability of such knowledge, he may not be convicted consistently with due process." *Id.* at 229–30, 78 S.Ct. 240. Central to the Court's holding was the lack of notice afforded persons subject to the statute. *Id.* at 228, 78 S.Ct. 240. Defendant in the instant case, however, was possessed of sufficient notice such that he cannot successfully claim that his Fifth Amendment Due Process rights were violated.

The First Circuit's analysis in *Meade* is instructive in its treatment of what process is due a defendant subject to § 922(g)(8). Defendant's notice of potential federal criminal liability, "in the constitutional sense, customarily centers around whether a law explains with sufficient clarity the conduct that it purports to criminalize." *Id.* at 225. The First Circuit reasoned that, "in the case of section 922(g)(8), the statute satisfies the standards embedded in precedent; both the proscribed conduct and the affected class of persons are explicitly set forth." *Id.* It is clear that § 922(g)(8) describes the conduct prohibited and the class of persons affected—possession of firearms or ammunition by a person subject to a domestic violence restraining order. As such, Defendant was adequately forewarned of the potential criminal liability for possessing firearms and ammunition while subject to the restraining order.

Additionally, where an individual is subject to a domestic violence restraining order, he or she must be aware of the consequences of possessing firearms and ammunition. The First Circuit stated,

> possession of firearms by persons laboring under the yoke of anti-harassment or anti-stalking restraining orders is [different from mere firearms possession]. The dangerous propensities of persons with a history of domestic abuse are no secret, and the possibility of tragic encounters has been too often realized. We think it follows that a person who is subject to such an order would not be sanguine about the legal consequences of possessing a firearm.

*Meade*, 175 F.3d at 226. The order issued by the Trumbull County Domestic Relations Court stated clearly the restraint

placed upon Defendant's ability to possess deadly weapons. The restraining order by the Domestic Relations Court and accompanying "Warning Concerning the Attached Domestic Violence Protection Order," attached to Defendant's motion to dismiss (Dkt. # 20, Exhibit 2), stated that Defendant "may ... be subject to federal penalty for possessing, transporting, or accepting a firearm under the Gun Control Act, 18 U.S.C. § 922(g)(8)." Whether Defendant was on actual notice of his potential federal criminal liability is irrelevant where he knew that his conduct subjected him to some form of criminal liability. Therefore, Defendant cannot claim he lacked notice that his conduct violated the law.

### Trumbull County Order

Defendant also contends that the restraining order issued by the Trumbull County, Ohio, Common Pleas Court, Domestic Relations Division is invalid. Defendant was required to obey the order of the Trumbull County Domestic Relations Court regardless of his belief in its validity, pending the outcome of his appeal of that order. Justice Taft in *Howat v. Kansas*, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922), held that "an [order] duly issuing out of a court of general jurisdiction ... and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be." *Id.* at 189–90, 42 S.Ct. 277. Justice Taft continued, stating, "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished." *Id.* at 190, 42 S.Ct. 277. *See Kasper v. Brittain*, 245 F.2d 92, 96 (6th Cir.1957). Defendant, therefore, was not permitted to possess firearms and ammunition in violation of the court order issued by the Trumbull County Domestic Relations Court despite the pending question of its validity.

Defendant was required to obey the order of the Trumbull County Domestic Relations Court while his appeal was pending. There was no excuse or justification for Defendant's disobedience of the order, whatever the outcome of the pending appeal. As such, Defendant's argument that the domestic violence restraining order was invalid, necessitating a dismissal of the federal criminal charges against him, is not meritorious.

### CONCLUSION

Accordingly, this Court concludes that Defendant Second and Fifth Amendment rights were not violated by the imposition of federal criminal liability under the facts of this case; that 18 U.S.C. § 922(g)(8) is not an unconstitutional exercise of Congress' power under the Commerce Clause or the Tenth Amendment; and that Defendant was required to obey the restraining order of the Trumbull County Court of Common Pleas, Domestic Relations Division, pending the outcome of his appeal of that order.

Defendant's Motion to Dismiss Count One of the Superseding Indictment (Dkt.# 15) is hereby **DENIED.**

**IT IS SO ORDERED.**