Zimmerman, J.
Seeking a reversal of the judgment of the Court of Appeals, Green, hereinafter referred to as appellant, makes three principal contentions: (1) That the Court of Common Pleas in the case instituted in that court was without jurisdiction to issue the restraining order described since the controversy was exclusively within the jurisdiction of the National Labor Relations Board under the National Labor Management Relations Act of 1947 (Section 141 et seq., Title 29, U. S. Code), and hence a contempt proceeding based on any violation by appellant of such restraining order was a nullity; (2) that advice given by appellant to his clients relating to the disobedience of such order was within appellant’s rights and duties as an attorney and did not represent contempt of court; and (3) that appellant was denied due process of law in the hearing of the contempt charge against him.
In the original verified petition filed in the Court of Common Pleas, plaintiff, Toledo Marine Terminals, Inc., alleged that at the time of filing the petition no labor'dispute existed between it and the defendant association; that a labor contract binding on both plaintiff and defendant association had been signed on May 26,1960 (effective until April 1, 1961); that on the day of the filing of the petition, viz., May 27, 1960, the defendant association began picketing at the entrance to plaintiff’s property in direct violation of such labor contract which provided, inter alia, that “there shall be no stoppage of work caused by lockouts, walkout, sit-down, or slow-up of any kind or nature whatsoever, during the term of this agreement”; that the conduct of the defendant association in picketing plaintiff’s premises and calling a strike are illegal acts; that a continuation of the same, unless enjoined, will result in damage to the life and limb of plaintiff’s employees and irreparable loss to plaintiff’s property; and that such conduct has created a serious emergency of such a nature as to require the issuance forthwith of a temporary restraining order.
*272 In such petition, plaintiff prayed as follows:
“Wherefore, plaintiff prays that pending final hearing and determination of the issues herein, a restraining order be issued forthwith against the defendants and each of them, their officers, agents, members and other persons associated with and acting in concert with the defendants, and all others to whom knowledge of this order should come, restraining and enjoining them * *
Then followed a description of the acts sought to be enjoined in relation to the picketing of plaintiff’s premises and other interferences with its operations.
, On the same day, viz., May 27, 1960, the court issued the restraining order as prayed for. At a hearing held on June 1 and 3, 1960, on charges of contempt brought against certain of those connected with the defendant association who were alleged to have disobeyed the court’s restraining order, and again on June 7,1960, at the hearing of the charge of contempt against appellant, the evidence established that appellant deliberately advised his clients to disobey the court’s restraining order. During the hearing on June 1 and 3 the following took place:
“The Court: I want to know from them [those charged with contempt] before that can be done [an appeal], give them an opportunity to purge themselves. * * * I want them to explain to me why they violated the order of the court. * * * I want them to tell me whether they just did that or whether they were told by some one to do that; I want to know.
“Mr. Green [appellant herein]: I can advise the court now that they were told by me. a * # #
“The Court: * * * The opportunity is always given, of course, to any one who has violated an order of the court, to purge themselves if they choose to do so; so I think they [the ones charged with contempt] should be called upon; well, I don’t know whether they are represented by any one or not. ¿C # # #
“Mr. Green [appellant herein]: They are represented.
“The Court: By an attorney?
“Mr, Green: They haven’t taken my license away yet.
*273 “The Court: Well, what do you propose to do?
“Mr. Green: If the court please, assuming they are resting, I propose to rest also, Your Honor. We are really here in a criminal proceeding and my clients are not required to testify in such a general action, they are not required—
“The Court: You also advised them to violate an order of the court, too.
“Mr. Green: I did.”
At the contempt hearing on June 7,1960, Merritt W. Green, appellant’s associate in the law practice and one of his attorneys, read from a written statement prepared by appellant and containing the language, “that regardless of the private opinions of the court respecting the validity of the contract that the court had no jurisdiction over this matter and that he was forcing us to advise our clients * # * of their rights not to obey the order.”
In its broad sense, a contempt is a disregard of, or disobedience to, the order or command of a public authority, legislative or judicial. In its restricted and more usual sense, contempt comprehends a despising of the authority, justice or dignity of a court; and one is guilty of contempt whose conduct is such as tends to bring the administration of the law into disrespect and disregard or otherwise tends to impede, embarrass or obstruct the court in the performance of its functions. 11 Ohio Jurisprudence (2d), 90, Section 2; 12 American Jurisprudence, 389, Section 2.
This statement is applicable with particular force to an attorney at law. An individual against whom an order of a court is directed may violate such order and properly urge in his defense in a contempt proceeding that the order is void. But does not an attorney stand in a somewhat different position? He is an officer and arm of the court and as such has a duty to recognize and uphold the orders of the court as long as such orders stand. Consequently, an attorney who brashly advises his client to disobey an existing court order is in contempt of court notwithstanding any vulnerability that may attach to such order.
But aside from such observations, on its face the petition filed in the Court of Common Pleas by the Toledo' Marine Term *274 inals, Inc., against the International Longshoremen’s Association and others does not disclose that the court lacked jurisdiction to entertain the same. The restraining order issued on the petition' was preliminary and temporary in nature and no motion was filed to dissolve it nor was any other instrument interposed challenging the court’s jurisdiction. Usually and in the first instance, a court of general jurisdiction, such as the Court of Common Pleas, is competent t© determine its own jurisdiction (14 Ohio Jurisprudence [2d], 517, Section 100) and should be accorded fair opportunity to do so. It appears to us that appellant assumed too much too soon in deciding for himself that the court was without jurisdiction and in advising his clients to act on his decision in defiance of the court’s order.
It is to be noted that the petition filed in the Court of Common Pleas on which the restraining order was based alleged the imminence of violence in connection with the picketing of plaintiff’s premises. Even in labor disputes where the federal labor relations statutes are applicable and exclusive, the Supreme Court of the United States has held that state courts possess the authority to intervene to enjoin mass picketing or picketing accompanied by violence and intimidation. Annotation, 2 L. Ed. (2d), 1636.
The Supreme Court of the United States has also said that a court possesses the power to determine its own jurisdiction, that a temporary restraining order issued by the court must be obeyed regardless of the final jurisdictional determination, and that one who disobeys such an order does so at his peril and may be amenable to criminal proceedings in contempt. United States v. Shipp, 203 U. S., 563, 51 L. Ed., 319, 27 S. Ct., 165, 8 Ann. Cas., 265; United States v. United Mine Workers of America, 330 U. S., 258, 91 L. Ed., 884, 67 S. Ct., 677.
Or stating it a little differently, affected persons having notice of a restraining order issued on a verified petition or complaint by a court of general jurisdiction must obey the order until it is set aside by orderly judicial process, and deliberate disobedience of such an order while it is in force subjects the violators to contempt proceedings. See Howatt v. Kansas, 258 U. S., 181, 189, 66 L. Ed., 550, 559, 42 S. Ct., 277, 280; Smotherman v. United States (C. C. A. — 10), 186 F. (2d), 676;
*275 In re Lord, 255 Minn., 370, 377, 97 N. W. (2d), 287, 292; and Aladdin Industries, Inc., v. Associated Transport, Inc. (Tenn. App.), 323 S. W. (2d), 222, 228, certiorari denied, 361 U. S., 865, 4 L. Ed. (2d), 104, 80 S. Ct., 117.
We are, therefore, of the opinion that the Court of Common Pleas possessed the authority to cite appellant for contempt, and that, on proof thereof, punishment was imposable.
There is no denying that appellant possessed the right to advise his clients that in his opinion the Court of Common Pleas was without jurisdiction of the cause and acted beyond its powers in issuing the restraining order, but when he went further and told them to disobey the order, which they did, he laid himself open to the contempt charge.
As to the hearing had on such charge on June 7, 1960, it was not conducted with the decorum and restraint it should have been, but to say it was of such a character as to deny appellánt due process of law is hardly justified. The contempt had already occurred as disclosed in the hearing on June 1 and 3, and the judge presiding over that hearing was the same judge who issued the restraining order and who conducted the proceedings on June 7.
We deplore an unfortunate situation of this kind and the acrimony which apparently developed between the judge and the appellant, but we find no sufficient reasons to reverse the judgment of the Court of Appeals. Therefore, that judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Eadcliee and O’Neill, JJ., concur.
Taet and Bell, JJ., dissent.
Eadcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.