**VAC–AIR, INC., Plaintiff,**

v.

**JOHN MOHR & SONS, INC., Defendant.**

**No. 70–C–535.**

United States District Court,
E. D. Wisconsin.

Feb. 17, 1972.

See also D.C., 53 F.R.D. 319.

Ronald E. Barry, Milwaukee, Wis., for plaintiff.

Richard A. McDermott, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in the above-entitled action has moved the court to adjudge the defendant in contempt of court for its alleged refusal to comply with this court's order permanently enjoining the infringement of a certain patent.

■ The court noted in its letter to counsel of January 28, 1972 that an appeal from the judgment entered in this action has been taken and is now pending before the court of appeals for the seventh circuit. Counsel for the parties were invited to submit briefs on the question of this court's jurisdiction to resolve the alleged violation. For reasons set out below, I conclude that this court has jurisdiction for the limited purpose of inquiring into the claimed violation of the injunction.

As pertinent here, Rule 62(c), Federal Rules of Civil Procedure, provides:

"(c) *Injunction Pending Appeal.* When an appeal is taken from an interlocutory or final judgment grant-

ing, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

The purpose of this rule was to give the trial court the power to preserve the status quo while the case is pending in the appellate court. United States v. El-O-Pathic Pharmacy, 192 F. 2d 62, 79 (9th Cir. 1951). Inherent with this power to issue an injunction is the power of the court to punish for the disobedience of the order. In Howat v. Kansas, 258 U.S. 181, 189–190, 42 S.Ct. 277, 280, 66 L.Ed. 550 (1922), the Court said:

"An injunction . . . must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished."

The court is satisfied that it should determine whether the injunction entered in this case has been violated. Accordingly, counsel are directed to meet within the next 14 days and attempt to stipulate to agreed facts and disputed facts. Further, counsel should submit an estimate of the courtroom time necessary to resolve the dispute. Plaintiff's counsel should notify the court in writing as to the foregoing matters. Thereupon, the court will set a hearing date or, if there is no factual dispute, the court will establish a briefing schedule.

Therefore, it is ordered that the court will entertain the plaintiff's application to adjudge the defendant in contempt for an alleged violation of this court's injunction at a time to be set by the court.