DOLMAN ET AL. *v.* UNITED STATES

No. A–534 (78–987).   Decided December 21, 1978

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants Dolman and Wilson were convicted of criminal contempt of court pursuant to 18 U. S. C. § 401 (3) for violation of an injunction entered by the United States District Court for the Western District of Washington.   Their convictions were affirmed by the Court of Appeals for the Ninth Circuit on September 7, 1978, and their application to stay issuance of the mandate of the Court of Appeals pending determination by this Court of related petitions for certiorari pending·before it was denied on November 16.   Meanwhile, this Court granted certiorari on October 16 in No. 78–139, *Puget Sound Gillnetters Assn.* v. *United States District Court,* and No. 78–119, *Washington* v. *United States,* 439 U. S. 909. There is no question, as the Government maintains in the response which I have requested, that a conviction for criminal contempt may be valid quite apart from the validity of the underlying injunction which was violated, and that the invalidity of an injunction may not ordinarily be raised as a defense in contempt proceedings for its violation.   *Walker* v.

*Birmingham,* 388 U. S. 307, 315–320 (1967); *United States* v. *Mine Workers,* 330 U. S. 258, 293–294 (1947).

Applicants' basic contention here is that since they were not named as parties in the action in the District Court in which the United States was plaintiff and the State of Washington defendant, they were not bound by any injunctive decree which was issued by that court. The District Court rejected this contention, and the Court of Appeals affirmed the convictions for criminal contempt relying upon cases from this Court holding that in some circumstances citizens of a State who claim rights pursuant to state law may be deemed "in privity" with a State and be bound by an injunction or decree to which only the State was a party. *Tacoma* v. *Taxpayers of Tacoma,* 357 U. S. 320, 340–341 (1958); *Wyoming* v. *Colorado,* 286 U. S. 494, 506–509 (1932).

One of the questions presented in No. 78–139 is this:

> "Is an individual who conducts business in a state in such privity to that state that a court may directly enjoin the citizen without his being a party to or a participant in the cause of action in which the State is a party? Assuming privity, if an injunctive order is sought against an individual, is that individual entitled to notice of and participation in the injunctive hearing prior to its issuance?"

The Government in its response to this application simply does not address that question, and the fact that certiorari has been granted in No. 78–139 suggests that at least some Members of the Court regard the question as being of substance.

Both *Walker, supra,* and *Mine Workers, supra,* contain language limiting the doctrine that the validity of a conviction for criminal contempt is not vitiated by the invalidity of the underlying injunction to cases in which the court issuing the injunction had jurisdiction of the parties. In

*Walker,* the court quoted approvingly the following language from *Howat* v. *Kansas,* 258 U. S. 181, 189–190 (1922):

> "An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon *persons made parties therein and within the jurisdiction,* must be obeyed by them however erroneous the action of the court may be . . . ." 388 U. S., at 314. (Emphasis supplied.)

See also Fed. Rule Civ. Proc. 65 (d). The claim made by these applicants is that they were not in fact parties to the proceedings in the District Court, and that the District Court did not have jurisdiction over them merely because the State of Washington was a party. Since this question will be reviewed in No. 78–139, and since there is some possibility that applicants' convictions for criminal contempt would be moot once having been served, even under cases such as *Sibron* v. *New York,* 392 U. S. 40 (1968), I think there are substantial arguments which favor the granting of a stay in this case.

Nonetheless, I have decided as of now to deny the application. The information available to me as to related proceedings in the Court of Appeals for the Ninth Circuit may not be completely accurate, but I am advised that that court granted a stay at the request of Denne M. Harrington and Gary D. Rondeau, whose appeals from convictions for criminal contempt for violation of the same injunction were consolidated with those of applicants in the Court of Appeals and decided by that court in the same opinion. While applicants did seek a stay from the Court of Appeals of its affirmance of their contempt convictions, it is not apparent from the information available to me that they did so after this Court granted certiorari in No. 78–139, or that they requested the stay pending disposition of a petition for certiorari in their own cases, rather than pending disposition of No. 78–139. Our Rule 27 provides that applications for a stay here will not

normally be entertained unless application for a stay has first been made to a judge of the court rendering the decision sought to be reviewed. On the basis of the information before me, I cannot say that applicants have requested a stay from the Court of Appeals for the Ninth Circuit pending disposition by this Court of *their* petition for certiorari seeking to review the affirmance of their contempt convictions, though I cannot say with certainty that they have not. Because of this uncertainty on my part, because of our grant of certiorari in No. 78–139, and because the Court of Appeals apparently has granted a stay with respect to Harrington and Rondeau, I think it the better exercise of my discretion to require applicants to apply to the Court of Appeals for the Ninth Circuit for a stay pending this Court's disposition of their petition for certiorari. In the event that such an application is denied, I shall entertain a renewed application for a stay on behalf of applicants Dolman and Wilson.

*Denied.*