Elias Walter WANATEE, Petitioner,

v.

John AULT, Warden, Respondent.

No. C 97–4048–MWB.

United States District Court,
N.D. Iowa,
Western Division.

Nov. 2, 2000.

F. Montgomery Brown, Des Moines, Iowa, for Petitioner Elias Wanatee.

Assistant Iowa Attorney General Sharon K. Hall, Des Moines, Iowa, for Respondent John Ault.

MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR RELEASE PENDING APPEAL AND RESPONDENT'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL and ORDER TO SHOW CAUSE

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. *BACKGROUND* ...................................................785

II. *LEGAL ANALYSIS* ...............................................786
   A. *Release Pending Appeal* ...................................786
     1. *Rule 23(c) and the Hilton decision* ....................786
     2. *Applicability of Rule 23(c)* ...........................788
     3. *Application of the "Hilton factors"* ...................788
   B. *Stay Pending Appeal* .....................................790
     1. *Untimeliness of the motion* ...........................790
     2. *Was the order binding in light of respondent's appeal?* ...791
     3. *Disposition of the motion for a stay* .................792
   C. *Compliance With the Court Order* .........................793

III. *CONCLUSION* ..................................................794

In the wake of an order on June 20, 2000, granting *habeas corpus* relief in this action, two motions are now before the court. The first is the petitioner's October 4, 2000, motion for release pending the respondent's appeal, which the respondent resisted on October 10, 2000. The second is the respondent's October 10, 2000, motion for a stay of this court's order granting *habeas corpus* relief pending the respondent's appeal, which the respondent incorporated into his resistance to the petitioner's motion for release. The court will consider the motions in turn, but first, a brief discussion of the background to the present motions is in order.

## I. BACKGROUND

In his June 9, 1997, petition pursuant to 28 U.S.C. § 2254 for *habeas corpus* relief from his conviction for first-degree murder, petitioner Elias Wanatee contended, *inter alia*, that ineffective assistance of counsel led him to reject an offer to plead guilty to second-degree murder. By order dated June 20, 2000, regarding disposition of Wanatee's petition, the court ruled as follows:

1. **Judgment shall enter in favor of the petitioner** in these proceedings pursuant to 28 U.S.C. § 2254 on petitioner's claim of ineffective assistance of counsel in the course of plea negotiations. Judgment shall enter in favor of the respondent on all other claims.

2. **Within sixty (60) days of the date of this order,** or within such additional time as this or a reviewing court may subsequently grant, upon a showing of good cause, the petitioner's previous conviction for first-degree murder **shall be set aside, the petitioner shall be allowed to plead guilty to second-degree murder** in the death of Kelton Decora, and he shall be **re-sentenced accordingly, or a writ of *habeas cor-***

*pus* **shall issue** requiring the release of petitioner Elias Wanatee from the custody of the respondent on the ground that such continued custody is in violation of the Constitution and laws of the United States.

*Wanatee v. Ault*, 101 F.Supp.2d 1189, 1214–15 (N.D.Iowa 2000) (emphasis in the original). On June 26, 2000, judgment entered accordingly. On July 10, 2000, the respondent filed a notice of appeal of the order and judgment to the Eighth Circuit Court of Appeals. However, the respondent neither moved for a stay of the court's order granting *habeas corpus* relief nor took any steps to rectify the constitutional defect in Wanatee's conviction within the time provided in the court's order.

## II. LEGAL ANALYSIS

### A. Release Pending Appeal

Wanatee now seeks release pending the respondent's appeal. He asserts that such release is authorized by Rule 23(c) of the Federal Rules of Appellate Procedure and that bond for second degree murder is permissible under state law pursuant to Iowa Code §§ 811.1(1); 820.16, and Article I, § 12 of the Iowa Constitution. He requests release on his own recognizance or upon cash or surety bond.

The respondent, however, argues that Wanatee is not eligible for release pending appeal for several reasons. First, the respondent contends that Rule 23(c) of the Federal Rules of Appellate Procedure is not applicable, because the court did not order Wanatee's release, except in the event that the State failed to comply with the order requiring repleading and resentencing. Although the State has not complied with the order, the respondent argues that the State is not bound to take action upon the court's order until completion of the appeal process, because the appeal might overturn the relief the court has granted, citing *Hilton v. Braunskill*, 481 U.S. 770, 779, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Furthermore, the respondent contends that Wanatee is not

entitled to immediate release, even if this court's order is affirmed, because Wanatee will then be subject to resentencing for second-degree murder, a class B felony providing for an indeterminate sentence of up to fifty years pursuant to Iowa Code § 707.3. The respondent points out that Wanatee has served less than ten years of his sentence. Finally, the respondent contends that, upon consideration of the factors identified in *Hilton*, release pending appeal is inappropriate.

### 1. Rule 23(c) and the Hilton decision

Rule 23(c) of the Federal Rules of Appellate Procedure provides as follows:

**(c) Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c); *see also Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir.1993) ("Federal district courts have power to order a successful state habeas petitioner's release with or without bail, Fed. R.App. P. 23(c)."). Rule 23(d) states that the initial order pursuant to Rule 23(c) shall govern unless modified "for special reasons shown." Fed. R. App. P. 23(d). In *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the Supreme Court considered "what factors these provisions allow a court to consider in determining whether to release a state prisoner pending appeal of a district court order granting habeas relief." *Hilton*, 481 U.S. at 772, 107 S.Ct. 2113.

In *Hilton*, the Supreme Court noted that "Rule 23(c) undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'other-

wise orders.'" *Id.* at 774, 107 S.Ct. 2113. The Court therefore "resort[ed] to the history of habeas practice in the federal courts and the traditional standards governing stays of civil judgments in those courts" for guidance in "illuminating the generality of these terms of Rules 23(c) and (d)." *Id.*

As to the history of federal *habeas* practice, the Court found that courts have "broad discretion in conditioning a judgment granting habeas relief," including the discretion to delay the release of a successful petitioner in order to provide the State with the opportunity to correct the constitutional violation found by the federal *habeas* court. *Id.* at 775, 107 S.Ct. 2113; *see also Foster,* 9 F.3d at 727 ("The issuance of a writ is conditional when the district court delays a state prisoner's release from custody for a reasonable time to give the state an opportunity to correct the constitutional defects that make the prisoner's current custody unlawful"). The Court also noted that its recent approach when considering whether or not a prevailing *habeas* petitioner should be released pending disposition of a petition for *certiorari* had been to "follow the general standards for staying a civil judgment." *Id.* The Court identified the traditional factors regulating a stay of a civil judgment as "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 776.

In light of *habeas* history and traditional standards governing stays, the Court concluded as follows:

[A] court making an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case. There is presumption in favor of en-largement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it. . . .

Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules. The Court of Appeals in *Carter v. Rafferty,* 781 F.2d 993 (C.A.3 1986), agreed that the possibility of flight should be taken into consideration, and we concur in that determination. We also think that, if the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him. The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.

The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the factors mentioned in the preceding paragraph are weakest. The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. *Cf. McSurely v. McClellan,* 225 U.S.App. D.C. 67, 75, 697 F.2d 309, 317 (1982); *O'Bryan v. Estelle,* 691 F.2d 706, 708 (C.A.5 1982), *cert. denied,* 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Ruiz v. Estelle,* 650 F.2d 555, 565–566 (C.A.5 1981). Where the State's showing on the merits falls below this level,

the preference for release should control.

*Hilton,* 481 U.S. at 777–78, 107 S.Ct. 2113. Finally, the Supreme Court concluded that a court considering a motion for release pending appeal of an order granting relief in a *habeas* action could consider the "dangerousness" of the *habeas* petitioner. *Id.* at 778–79, 107 S.Ct. 2113. *See also Foster,* 9 F.3d at 727 ("The magistrate judge considered the appropriate factors in deciding whether to release [a successful habeas petitioner] pending appeal. *See Hilton v. Braunskill,* 481 U.S. 770, 776–78, 107 S.Ct. 2113, 2119–20, 95 L.Ed.2d 724 (1987). We presume the release order is correct.").

### 2. *Applicability of Rule 23(c)*

■ The court rejects the respondent's assertion that Wanatee is not eligible for release pending appeal pursuant to Rule 23(c), on the ground that the court's June 20, 2000, order did not order his "release." Rather, the court plainly entered an order for Wanatee's release. The court's June 20, 2000, order stated that, unless certain conditions were met within sixty days, "**a writ of *habeas corpus* shall issue** requiring the release of petitioner Elias Wanatee from the custody of the respondent on the ground that such continued custody is in violation of the Constitution and laws of the United States." *See Wanatee,* 101 F.Supp.2d at 1215, and *supra,* at page 785 (emphasis in the original). As the Supreme Court has explained,

> Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner. *In re Medley, Petitioner,* 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835.

*Fay v. Noia,* 372 U.S. 391, 430–31, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), *overruled on other grounds, Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *and abrogated on other grounds,*

*Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Notwithstanding that this court had no other power than to order Wanatee's release, this court's order was in the form of a "conditional writ," which delayed Wanatee's release for sixty days to allow the State to correct the constitutional defect in Wanatee's conviction and sentence. *See Hilton,* 481 U.S. at 775, 107 S.Ct. 2113 ("[A] [federal] court has broad discretion in conditioning a judgment granting habeas relief.... [T]his Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."); *Foster,* 9 F.3d at 727 ("The issuance of a writ is conditional when the district court delays a state prisoner's release from custody for a reasonable time to give the state an opportunity to correct the constitutional defects that make the prisoner's current custody unlawful").

Because the court ordered Wanatee's release, albeit release conditioned on the State's failure to rectify the constitutional defect in Wanatee's conviction within the time specified, Rule 23(c) is applicable to Wanatee.

### 3. *Application of the "Hilton factors"*

■ Because Rule 23(c) is applicable to Wanatee, there is a presumption that Wanatee should be released pending appeal. *See Hilton,* 481 U.S. at 774, 107 S.Ct. 2113 (Rule 23(c) creates a presumption that a successful *habeas* petitioner should be released pending appeal). The question is, should the court "orde[r] otherwise"? *See* FED. R. CIV. P. 23(c); *Hilton,* 481 U.S. at 774, 107 S.Ct. 2113. That question must be decided on the basis of the application of the factors identified in the *Hilton* decision. Careful balancing of all of the factors identified in *Hilton* requires denial of Wanatee's motion for release pending appeal. In conducting this balancing of the factors, the court has

treated Wanatee's motion for release pending appeal as a motion for release in *that limited context*; the court has not construed Wanatee's motion as one for enforcement of the release term of this court's "conditional writ" upon failure of the State to satisfy its conditional terms, although the court will reach that issue *sua sponte* below.

■ As to the question of release pending appeal, the first of the traditional "stay" factors is whether the applicant for release has made a strong showing of the likelihood of success on appeal. *See Hilton*, 481 U.S. at 776, 107 S.Ct. 2113. The court finds that Wanatee has made such a strong showing, because this court granted him relief, and rejected the arguments the respondent offered, only after careful consideration and a detailed decision. *See Wanatee v. Ault*, 101 F.Supp.2d 1189 (N.D.Iowa 2000). In contrast, the respondent makes no more than a bald assertion that he has a strong likelihood of success on appeal and that Wanatee does not, unsupported by argument or identification of any grounds or reasons for that belief. Thus, this first "traditional" factor weighs in favor of Wanatee's release. However, the court is not convinced that Wanatee will be "irreparably injured" absent release pending appeal, *see Hilton*, 481 U.S. at 776, 107 S.Ct. 2113 (second "traditional" factor), although the court recognizes that every day of unconstitutional incarceration generally constitutes irreparable harm to the person in such custody. In this case, Wanatee is currently incarcerated on a life sentence. If Wanatee prevails on appeal, and the State then complies with this court's requirements to cure the constitutional defect in his case, Wanatee will face a sentence for second degree murder of up to fifty years. Thus, Wanatee will not be irreparably harmed by continued incarceration during the pendency of the appeal, as the time served will apply to his reduced, but still very substantial, sentence. Similarly, if the respondent prevails on appeal, Wanatee will not have

been irreparably harmed by continuing to serve time in the interim on his life sentence. Moreover, there is some threat that Wanatee's release pending appeal will substantially injure other parties interested in the proceeding, and that the public interest lies against his release. *See id.* (third and fourth "traditional" factors). This is so, because there is a public interest in the continued incarceration of a person convicted of murder, where the grounds for *habeas* release did not go to his actual innocence, but only to a constitutional defect in his representation, which this court concluded resulted in his conviction of a greater offense, as opposed to his pleading guilty to a lesser offense with a lesser sentence. *Cf. id.* at 779, 107 S.Ct. 2113 (recognizing, in the consideration of a different factor, that "[u]nlike a pretrial arrestee, a [successful] state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State").

Moreover, the balance here is tipped decisively against Wanatee's release on the basis of the additional factors the Supreme Court identified in *Hilton* as specifically applicable to the question of whether a successful *habeas* petitioner should be released pending appeal. *See id.* at 777–78, 107 S.Ct. 2113. Wanatee poses a possibility of flight, *see id.* at 777, 107 S.Ct. 2113, even if this court's order granting relief were reasonably certain to be affirmed. Wanatee would then face the likelihood that the State would move promptly to remedy the constitutional violation, which involves, at best, a reduction from a life sentence to a very substantial sentence of up to fifty years. Wanatee has served less than ten years of whichever sentence is ultimately imposed, which could make flight a serious temptation. Similarly, the State's interest in continued custody and rehabilitation pending a final determination of this case is strong here, because the remaining portion of Wanatee's sentence is long, indeed, potentially for life. *Id.* Because these factors weigh strongly against

release pending appeal, Wanatee's substantial interest in release pending appeal is necessarily weakened. *Id.* at 777–78, 107 S.Ct. 2113. Although the State has failed to establish a strong likelihood of success on appeal, it can establish a substantial case on the merits, and the lack of irreparable injury to Wanatee coupled with the public interest in his continued incarceration—the second and fourth "traditional" factors—militate against release. *Id.* at 778, 107 S.Ct. 2113. Finally, the court concludes that Wanatee's "dangerousness" weighs against his relief pending appeal. *Id.* at 779, 107 S.Ct. 2113. Wanatee has admitted that he planned the attack on Kelton DeCora in which DeCora was killed and participated in that attack by clubbing DeCora with a tire iron. Such conduct qualifies Wanatee as sufficiently "dangerous" to weigh against his release pending appeal.

Therefore, treating Wanatee's motion for release strictly in the context of a motion for release *pending the respondent's appeal,* his motion will be denied.

### B. Stay Pending Appeal

■ The respondent's motion for a stay pending appeal consists of a statement, in the prayer to the respondent's resistance to Wanatee's motion for release pending appeal, that the respondent "hereby requests that the Court's order granting relief be stayed pending completion of the appeal process." Respondent's Resistance To Petitioner's Motion For Release Pending Appeal And Motion For Stay at 3. The respondent offers no separate argument in support of his motion for a stay. This lack of separate argument suggests that the respondent relies on the "traditional" factors for a stay pending appeal, on which the respondent offered some argument in the context of Wanatee's motion for release pending appeal, as justifying a stay. Although denial of Wanatee's motion for release pending appeal, in part in light of those "traditional" factors, would seem to suggest that the respondent's counter motion for a stay should be granted, *see*

*Hilton,* 481 U.S. at 774 & 776, 107 S.Ct. 2113 (relying, in part, on "the traditional standards governing stays of civil judgments" to determine standards for release of a successful *habeas* petitioner pending appeal, and identifying those factors); *see also Iowa Utilities Bd. v. Federal Communications Comm'n,* 109 F.3d 418, 423 (8th Cir.1996) ("We consider the following four factors in determining whether a stay [pending appeal] is warranted: (1) likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."); *Arkansas Peace Ctr. v. Dep't of Pollution Control,* 992 F.2d 145, 147 (8th Cir.1993) (same), that is not the case here. Rather, the respondent's motion for a stay of the court's order granting relief in this case must be denied, because the respondent's motion is untimely.

### 1. Untimeliness of the motion

As noted above, the court's order of June 20, 2000, conditioned a writ of *habeas corpus* releasing Wanatee from custody upon the respondent's failure to set aside Wanatee's conviction for first-degree murder, allow him to plead guilty to second-degree murder, and resentence him accordingly. *See Wanatee,* 101 F.Supp.2d at 1214–15, and *supra,* at page 785; *see also Hilton,* 481 U.S. at 775, 107 S.Ct. 2113 (noting that courts frequently condition release in *habeas* cases upon the failure of the state to correct the constitutional defect); *Foster,* 9 F.3d at 727 (describing such a writ as "conditional"). The court specifically directed that the required correction of the constitutional defect in Wanatee's conviction must be made "[w]ithin sixty (60) days of the date of this order, or within such additional time as this or a reviewing court may subsequently grant, upon a showing of good cause." *Wanatee,* 101 F.Supp.2d at 1214–15. Neither this

court nor any reviewing court has granted any additional time for compliance with the court's June 20, 2000, order. Indeed, the respondent did not present this court with any motion requesting either an extension of time to cure the constitutional defect or a stay of the order pending appeal within the time allotted.

This case therefore differs from *Berry v. Lockhart,* 873 F.2d 1168 (8th Cir.1989), although in *Berry,* the State also failed to cure the constitutional defect—by retrying the petitioner—within the ninety days provided in the court's order granting *habeas corpus* relief. *Berry,* 873 F.2d at 1169 n. 3. In *Berry,* however, the State moved for a stay pending appeal within the ninety-day period, although the order granting the stay was not signed until the ninetieth day and was not entered on the docket until the ninety-first day. *Id.* Thus, in *Berry,* there was a timely motion for a stay and a timely order granting the stay, although the order was not docketed until after the time for the State to correct the constitutional defect had expired. *Id.* In these circumstances, the Eighth Circuit Court of Appeals rejected the *habeas* petitioner's contention that the order granting him relief became "irrevocable" upon the expiration of the time given the State to rectify the constitutional defect. *Id.* The result in *Berry* turned on the presence of a timely motion to stay the order granting *habeas* relief and a timely order granting that motion, neither of which is present in this case.

The respondent's motion for a stay pending appeal is untimely.

### 2. Was the order binding in light of respondent's appeal?

■ The respondent apparently contends that, notwithstanding his present motion, no motion to stay was required, because the respondent "asserts the State is not bound to take action upon the Court's order until completion of the appeal process." Respondent's Resistance To Petitioner's Motion For Release Pend-

ing Appeal And Motion For Stay at 2. In support of this proposition, the respondent cites *Hilton v. Braunskill,* 481 U.S. 770, 779, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), which the respondent characterizes as holding that an appeal may overturn a grant of *habeas* relief before the State must retry a petitioner. *See* Respondent's Resistance And Motion For Stay at 2.

While it is true that the Supreme Court recognized in *Hilton* that a determination, in a *habeas* action, that a conviction is constitutionally infirm may be overturned on appeal before the State is required to correct the constitutional defect, the Court relied on this fact as one ground for holding that the Due Process Clause does not prohibit a court from considering, along with the other factors the Court had previously described, the "dangerousness" of a *habeas* petitioner as part of its determination of whether or not to release the petitioner pending appeal. *See Hilton,* 481 U.S. at 779, 107 S.Ct. 2113. Nowhere in *Hilton* did the Supreme Court suggest that an order granting *habeas* relief can be ignored simply because the respondent has appealed the order or because the order may be overturned on appeal.

Not only is the respondent's failure to comply with the court's order for relief premised on a mischaracterization of *Hilton,* the Supreme Court has specifically stated a rule contrary to that asserted by the respondent:

> *We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.* Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. *Howat v. Kansas,* 258 U.S. 181, 189–190, 42 S.Ct. 277, 280–281, 66 L.Ed. 550 (1922); *Worden v. Searls,* 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853

(1887). The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.' *United States v. United Mine Workers*, 330 U.S. 258, 293, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947). *Maness v. Meyers*, 419 U.S. 449, 458–59, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975) (emphasis added). Thus, the State's compliance with this court's order of June 20, 2000, was *required* within the time provided, absent a stay pending appeal or an extension of time to comply.

### 3. Disposition of the motion for a stay

The United States District Court for the Southern District of Texas recently addressed similar circumstances in *Burdine v. Johnson*, 87 F.Supp.2d 711 (S.D.Tex. 2000), which also involved the state's disregard of the district court's conditional order for the release of a petitioner convicted of murder. In *Burdine*, the court granted *habeas* relief for ineffective assistance of counsel on the ground that the petitioner's trial counsel had slept through parts of his trial for capital murder. *Burdine*, 87 F.Supp.2d at 713. The court decreed that the State of Texas must either retry or release the petitioner within 120 days of the date of its order. *Id.* The state timely perfected an appeal from the order to the Fifth Circuit Court of Appeals, but the district court noted that the appeal did not automatically stay its order or relieve the state of its obligation to comply with the order. *Id.* Nor did the state seek a stay of the order granting *habeas* relief pending appeal. *Id.* The district court concluded that, absent such a stay from either the district or appellate court, the state was required to comply with the order granting *habeas* relief, but the state neither initiated a new trial nor released the petitioner within the time allotted. *Id.* at 713–14. The state eventually filed an untimely motion to stay the order pending appeal and a motion for leave to file an untimely motion for a stay pending appeal. *Id.* at 714.

Instead of granting the motion for a stay, the district court in *Burdine* set a hearing to show cause why the Office of the Texas Attorney General should not be held in contempt for violating the court's order granting *habeas* relief and to show cause why the petitioner should not be immediately released from custody. *Id.* The court ultimately concluded that it would be inappropriate to sanction the Attorney General's Office, because its failure to comply with the order granting *habeas* relief was not "intentional." *Id.* at 718. The court's further conclusions, however, were as follows:

> [T]he Court is concerned with the State's failure to treat Burdine's case with the seriousness it deserves:
>
> > The law of habeas corpus is subtle and intricate; mistakes are easy to make. But it is a body of law which the lawyers employed by a state attorney general should be masters. Failing to achieve such mastery, they should not blame federal judges for springing dangerous criminals free to prey on the citizenry whose safety the attorney general is sworn to protect.
>
> *Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir.1991) (Posner, J.).

Throughout its brief, the State seeks to minimize its failure to comply with established procedural rules as "excusable neglect." However, a similar procedural error by defense counsel in a capital case could result in a defendant's execution. *See e.g. McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (petitioner failed to abide by proper habeas procedural rules and therefore abused writ; petitioner thereafter executed); *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (petitioner failed to follow proper appellate procedure and claim

was therefore procedurally defaulted; petitioner thereafter executed); *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (petitioner failed to timely file notice of appeal; petitioner thereafter executed).

Equal justice under the law in American jurisprudence mandates that the same principles and rules be applied to a criminal defendant as to the entity of The State.

*Burdine,* 87 F.Supp.2d at 718. The court therefore denied the State's motions for a stay and for leave to file an untimely motion for a stay and ordered the petitioner's release within five days of the date of its order. *Id.*

■ The circumstances presented here are comparable to those presented in *Burdine* to the extent that the Office of the Attorney General of the State of Iowa has also appealed the court's order granting *habeas* relief and has also failed to make a timely motion to stay the order or to comply with the court's conditions to prevent release of the petitioner. This case differs in that the Office of the Attorney General of the State of Iowa has not even sought leave for its untimely motion to stay the court's order of June 20, 2000, and has thus far failed even to attempt to excuse its neglect of the court's order. Instead, the State has stood on the mistaken notion that it simply did not have to comply with the court's June 20, 2000, order pending appeal.

The respondent's motion for a stay is untimely and no adequate justification for that untimeliness has been offered. The respondent's motion for a stay will consequently be denied.

### C. Compliance With The Court's Order

In this case, there is not the merest hint that the respondent or the State of Iowa has initiated any steps to cure the constitutional defect in Wanatee's conviction within the time the court delayed Wanatee's release. Moreover, the circumstances presented here cry even more loudly than those presented in *Burdine* for the court, *sua sponte,* to require the respondent and the Office of the Attorney General to show cause why they should not be held in contempt for failure to comply with the court's June 20, 2000, order and why Wanatee should not be released pursuant to that order, where the State has offered no legitimate ground for ignoring the court's order and has not asserted any excuse for not filing a timely motion for a stay of the court's order. *Compare Burdine,* 87 F.Supp.2d at 714 (the state failed to initiate remedies for the petitioner's unconstitutional incarceration within the time allotted, although it did eventually move for a stay of the court's order granting relief and for leave to file such a motion out of time, asserting excusable neglect). The court is also aware that this is not the first time that the Office of the Attorney General of the State of Iowa has ignored an order by the undersigned granting relief to a prisoner incarcerated by the State of Iowa. As the Supreme Court observed in *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975), "Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness,* 419 U.S. at 458, 95 S.Ct. 584. Therefore, the Office of the Attorney General of the State of Iowa will be required to show cause why it should not be held in contempt for failing to comply with the court's June 20, 2000, order. Similarly, the respondent and the State of Iowa must show cause why petitioner Elias Wanatee should not be released pursuant to the terms of the court's June 20, 2000, order, where the respondent and the State have failed to provide the remedy for the constitutional defect in Wanatee's conviction specified by this court within the time the court delayed Wanatee's release pursuant to a writ of *habeas corpus.*

As to the latter determination, the court does not believe that either Rule 23(c) or the factors identified in *Hilton v. Brauns-*

*kill,* 481 U.S. 770, 776–79, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), are applicable. The "show cause" hearing will not contemplate whether Wanatee should be released while this court's order granting *habeas* relief is under review, but whether Wanatee should be released pursuant to the terms of the court's June 20, 2000, order—which remained fully operative despite the respondent's appeal of the order, absent a stay, *see Maness,* 419 U.S. at 458, 95 S.Ct. 584— in light of the respondent's and the State's failure to cure the constitutional defects identified in a timely manner. It is the State's conduct, not the petitioner's, that is at issue when the question is whether the State's disregard of an order granting *habeas* relief requires the release of the *habeas* petitioner. *See Fagan v. Washington,* 942 F.2d 1155, 1157 (7th Cir.1991) (where the lawyers employed by a state attorney general fail to master the law of *habeas corpus,* "they should not blame federal judges for springing dangerous criminals free to prey on the citizenry whose safety the attorney general is sworn to protect").

The "show cause" hearing will be set at least ten days from the date of this order to afford the respondent the opportunity to attempt to press his untimely motion for a stay of the court's June 20, 2000, order before the Eighth Circuit Court of Appeals. *See* Fed. R. App. P. 8(a) (a motion for a stay pending appeal must be presented initially to the district court and only then to the court of appeals). While such a stay from the Circuit Court of Appeals would obviate the need for a hearing to determine whether Wanatee should be immediately released, even if the respondent obtains a stay of this court's order granting *habeas corpus* relief, that stay will *not* obviate the need for the "show cause" hearing to determine whether the respondent and the Office of the Attorney General of the State of Iowa should be held in contempt for failing to comply with this court's June 20, 2000, order by the deadline established in that order. *Cf. Maness,* 419 U.S. at 458, 95 S.Ct. 584 ("Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").

## *III. CONCLUSION*

As a motion pursuant to Rule 23(c) of the Federal Rules of Appellate Procedure for release pending appeal of the order granting him *habeas corpus* relief, Wanatee's motion for release must be denied under the factors identified in *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). However, in light of the respondent's failure to rectify the constitutional defect in Wanatee's conviction within the time the order granting *habeas* relief delayed Wanatee's release, and the untimeliness of the respondent's motion for a stay of that order pending appeal, Wanatee's release may be appropriate. To answer that question, and also to answer the related question of whether the respondent and the Office of the Iowa Attorney General should be held in contempt for failure to comply with the court's June 20, 2000, order within the time allotted, a "show cause" hearing is required.

THEREFORE,

1. The petitioner's October 4, 2000, motion for release pending the respondent's appeal is **denied.**

2. The respondent's October 10, 2000, motion for a stay of this court's order granting *habeas corpus* relief pending the respondent's appeal is also **denied.**

IT IS FURTHER ORDERED that, on **Monday, November 20, 2000, at 3:00 p.m.,** in the Federal Courthouse in Sioux City, Iowa, **the respondent and the Office of the Attorney General of the State of Iowa shall show cause why**

a. the respondent and the Office of the Attorney General of the State of Iowa should not be held in contempt for failing to initiate proceedings to set aside the first-degree murder conviction of the petitioner and to allow him to plead guilty to

second-degree murder in the death of Kelton Decora and be re-sentenced accordingly within sixty days of the court's order of June 20, 2000, granting the petitioner's petition for a writ of *habeas corpus;* and

b. why the petitioner should not be immediately released from custody for failure of the respondent to cure the constitutional defect in his incarceration within the time allotted in the court's order of June 20, 2000.

**IT IS SO ORDERED.**