**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KAREN L. L'GGRKE,

     Plaintiff - Appellant,

v.

ASSET PLUS CORPORATION, a Texas
corporation; STAFF ONE, INC., an
Oklahoma corporation; MICHAEL S.
MCGRATH,

     Defendants – Appellees.

No. 15-5059
(D.C. No. 4:12-CV-00596-JED-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

    Plaintiff Karen L. L'Ggrke, appearing pro se, appeals the district court's Fed.

R. Civ. P. 41(b) dismissal of her employment discrimination complaint against Asset

Plus Corporation, its Chief Executive Officer, Michael S. McGrath, and Staff One,

Inc. for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291 and

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff filed a complaint in Oklahoma state court alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, (Title VII); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, (ADEA); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, (ADA) and 42 U.S.C. § 1981. She alleged she had been terminated from her joint employment with Asset Plus, a property management company, and Staff One, an employment staffing company, based on her age, sex, inter-racial marriage, and disability.

In April 2012, the defendants removed the matter to federal court because Plaintiff's claims were all based on federal law. *See* 28 U.S.C. § 1331 (federal question jurisdiction). An attorney entered an appearance on behalf of Plaintiff. The district court granted Michael McGrath's motion to dismiss all claims. Several months later, Plaintiff's attorney withdrew, citing material differences with Plaintiff. Plaintiff retained new counsel but terminated that law firm a few months later.

Plaintiff then filed a pro se notice of appeal with this court stating she was challenging each and every item on the district court's docket sheet. Her appeal was dismissed for lack of jurisdiction. *L'Ggrke v. McGrath*, No. 14-5090 (10th Cir. Sept. 3, 2014) (unpublished order). The district court denied Plaintiff's repeated motions to stay the proceedings while she moved for rehearing en banc and petitioned the Supreme Court for a writ of certiorari.

In December 2014, after numerous unsuccessful attempts to depose Plaintiff, the defendants moved to compel Plaintiff's appearance at a deposition. The

2

magistrate judge ordered Plaintiff to appear and show cause why she should not be sanctioned. Plaintiff did not appear at the show cause hearing, refused to cooperate in scheduling her deposition, and challenged the district court's jurisdiction. The district court granted defendants' motion for sanctions against Plaintiff and ordered her to appear at an in-court deposition. Plaintiff failed to appear for that deposition, and the magistrate judge awarded defendants their attorneys' fees and costs. Plaintiff raised no objection to the reasonableness of that award. Instead, she continued to challenge the district court's jurisdiction over her complaint, claiming it lacked diversity jurisdiction.

In May 2015, with trial scheduled in June, the defendants moved to dismiss for lack of prosecution and as a sanction for Plaintiff's disregard of court orders. The district court denied Plaintiff's jurisdictional objections and affirmed the magistrate judge's award of fees and costs. It warned Plaintiff that it would dismiss her case if she continued to obstruct the progress of the litigation on meritless grounds and fail to participate in discovery. Plaintiff then failed to appear at the pretrial hearing conference, filed a motion to dismiss reasserting the same jurisdictional arguments already rejected by the court, and filed another appeal with the Tenth Circuit, this time challenging the district court's order awarding fees and costs. Her appeal was dismissed for lack of jurisdiction. *L'Ggrke v. Asset Plus Corp.*, No. 15-5052 (10th Cir. June 23, 2015) (unpublished order).

The district court then granted the defendants' motion to dismiss for failure to prosecute under Rule 41(b). It found that Plaintiff's failure to appear for depositions

and the pretrial conference and her refusal to litigate her complaint on the merits had prejudiced the defendants. It found she had interfered with the judicial process to an impermissible degree by twice refusing to appear for her deposition and violating court orders. It found Plaintiff was culpable for her failure to prosecute; she had been warned that dismissal would be a likely sanction for her continued failure to prosecute the merits of her complaint; and that lesser sanctions were almost certain to be ineffective, given that Plaintiff was unresponsive to the lesser sanctions already imposed. Plaintiff appeals.

## II.

Under Rule 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). We review a dismissal under Rule 41(b) for an abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citations, internal quotation marks, and brackets omitted). Because Plaintiff proceeds pro se, we liberally construe her brief, but pro se parties must follow the same procedural rules that govern other litigants and we do not assume an advocacy role for pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff only asserts one argument relevant to the Rule 41(b) dismissal, asserting she had a good-faith basis for not appearing in federal court or for her

4

deposition based on her contention that the district court lacked jurisdiction.[1]  This

argument is without merit.

Plaintiff was not free to decide on her own that the district court lacked

jurisdiction to order her to appear at its hearings or for depositions.  It is a basic

proposition that all orders and judgments of courts must be obeyed "however

erroneous the action of the court may be," until the order "is reversed for error by

orderly review, either by itself or by a higher court" and that "disobedience of them

is contempt of [the court's] lawful authority, to be punished."  *Howat v. Kansas*, 258

U.S. 181, 189–90 (1922).  "If a person to whom a court directs an order believes that

order is incorrect the remedy is to appeal, but, absent a stay, he must comply

promptly with the order pending appeal."  *Maness v. Meyers*, 419 U.S. 449, 458

(1975).  "Persons who make private determinations of the law and refuse to obey an

order generally risk . . . contempt even if the order is ultimately ruled incorrect."  *Id.*

The district court indisputably had federal question jurisdiction under § 1331

over Plaintiff's claim.  Her state court complaint claimed defendants' conduct

"constitutes a violation of Title VII, Section 1981, the ADEA and the ADA."  Aplt.

App., Vol. I, at 27.  All of these are federal laws.  A suit arises under federal law and

---

[1]  Her 57-page brief is focused almost entirely on her arguments that the district court lacked jurisdiction and, thus, that the matter should be remanded to state court.  Her issues on appeal are:  (1) whether the merits are controlled by Oklahoma's Supreme Court decisions relating to franchise and revenue taxes; (2) whether the defendants timely removed their suit; (3) whether federal question jurisdiction can be invoked by a corporation whose corporate status in Oklahoma had previously been revoked; and (4) whether the district court's failure to rule on the merits of her claims precluded entry of a final order.  Aplt. Opening Br. at 25, 30, 41, 49.

is properly removed to federal court under § 1331 "when the plaintiff's statement of [her] own cause of action shows that it is based on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (noting that "the plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available"). But to be clear, even assuming purely for the sake of argument that the district court had lacked jurisdiction, it still had jurisdiction to sanction Plaintiff for failure to comply with its orders. *See United States v. United Mine Workers*, 330 U.S. 258, 292-93 (1947) (upholding a criminal contempt order for failing to comply with a court order, though it was later determined that the court lacked jurisdiction over the merits at the time it issued the order); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992) (holding that district court may impose sanctions for conduct that occurred during a proceeding in which the court ultimately lacked subject matter jurisdiction).

We find no abuse of the district court's discretion under Rule 41(b). It properly considered the propriety of sanctions in light of the appropriate factors, *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and determined that dismissal with prejudice was warranted. Given the procedural history of this case, we cannot disagree with the court's decision. We decline to consider any other arguments raised by Plaintiff regarding any of the district court's interlocutory orders. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (declining to review interlocutory order where plaintiff's

6

failure to proceed with the judicial process resulted in dismissal for failure to prosecute).

Accordingly, we affirm the district court's judgment for substantially the same reasons stated in the court's order dated June 24, 2015.

Entered for the Court


Jerome A. Holmes
Circuit Judge